LOUIS DE JONGE & CO. v. BREUKER & KESSLER CO.

(Circuit Court, E. D. Pennsylvania. September 7, 1906.)

No. 1.

COPYRIGHTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction against the alleged infringement of a copyright, the effect of which will be to interfere with defendant's business, will not be granted where complainant's right is doubtful on the showing made; but defendant may be required to give a bond for complainant's protection in case he is successful on a full hearing.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Copyrights, § 78.]

In Equity. On motion to dissolve restraining order and motion. for preliminary injunction.

Goepel & Goepel, for complainants.

Harding & Harding, for respondent.

J. B. McPHERSON, District Judge. The complainants' bill. charges infringement of a copyrighted sketch in colors, called, "Holly, Mistletoe and Spruce." A restraining order was granted, and at the same time a motion for a preliminary injunction was made. This motion and the defendant's application to dissolve the restraining order were argued together, and all the affidavits submitted by both parties, including those that were filed by the complainants on August 25th, have been duly considered. Several defenses are set up to the complainants' case, of which the defense chiefly urged seems to be this: That, while the sketch in question may have been entitled to protection by a design patent—it being admitted by complainants that the sketch was to be reproduced upon some suitable material by lithography, and that the reproductions were to be used in covering or lining fancy and ornamental boxes, albums, articles for ladies' use,, and other analogous purposes—it was not the subject of a copyright, and therefore is not protected by the formal instrument that was issued by the Librarian of Congress on September 23, 1905. Other defenses are also set up, but they need not now be enumerated.

For the present, it is enough to say that the affidavits and the arguments have convinced me that the decision of the questions raised must await a later stage of the controversy. The complainants' right is not clear enough, as the matter now stands, to justify the court in interfering with the defendant's business by summary process, which (in the case now under consideration) would almost necessarily imply that the complainants will be ultimately entitled to the relief asked by the bill. I think it no more than just, however, in view of the doubt that exists concerning the conflicting positions of the parties, to give the complainants a reasonable measure of protection, in case· they should finally succeed. I shall therefore require the defendant to give a bond in $3,000, conditioned to indemnify the complainants against the damage, costs, and expenses which they may suffer, or incur, by reason of the defendant's acts as charged in the bill, provided the complainants obtain a final decree in their favor.

I am the more unwilling to decide the principal questions that were argued, because the decision could not be made effective if it should be in favor of the defendant, since upon these motions the court could not of its own volition dismiss the bill. Hereafter in the progress of the cause—perhaps upon demurrer to the bill, if the parties should agree that the questions are thus sufficiently raised; perhaps upon bill and answer; or, in any event, upon final hearing—the court will be glad to dispose of the controversy as speedily and as completely as possible.

It is therefore ordered that, upon the filing by defendant of a bond in $3,000, conditioned as above stated, with security to be approved by the clerk, an order shall be entered by that officer dissolving the· restraining order and refusing a preliminary injunction.