## Daniel F. Blake, Trustee, Appellant, v. F. H. Thwing, Appellee.

## Gen. No. 18,770.

1.  BANKRUPTCY, § 8*—*rights of trustee.* The trustee in bankruptcy represents the creditors and may sue to avoid any conveyance which a creditor could have avoided.

2.  BANKRUPTCY, § 38*—*when trustee may sue in equity.* The trustee in bankruptcy may proceed by bill in equity to set aside a fraudulent conveyance, and will not be relegated to his remedy at law.

3.  BANKRUPTCY, § 27*—*when conveyance by bankrupt valid.* A purchase from a bankrupt, within four months prior to the filing of the petition in bankruptcy, in good faith and for a present fair consideration, is not in contravention of the Bankruptcy Act, and the purchaser cannot be deprived of the property by the application of the principles governing constructive fraud.

4.  BANKRUPTCY, § 27*—*when conveyance by bankrupt fraudulent.* A purchase from a bankrupt within four months prior to the filing of the petition in bankruptcy, which is not based on good faith and a present fair consideration, constitutes actual fraud, and, under the Bankruptcy Act, the sale is void *in toto* as to creditors of the bankrupt.

5.  FRAUD, § 1*—*actual and constructive fraud defined.* Actual fraud is intentional fraud, while constructive fraud is such as the law infers from the circumstances of a particular case, regardless of the intent of the parties.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

6. BANKRUPTCY, § 27*—*when principles governing constructive fraud inapplicable to conveyance by bankrupt.* Where the evidence showed that the defendant and another conspired with the bankrupt in the conveyance of property of the bankrupt to the defendant for the purpose of defrauding creditors of the former, the principles governing constructive fraud are inapplicable.

7. APPEAL AND ERROR, § 1397*—*review of chancellor's findings based on depositions.* Where, in an action by a trustee in bankruptcy to set aside a conveyance as fraudulent, the evidence before the chancellor was in the form of depositions, the rule that the findings of the chancellor will not be reversed unless palpably erroneous does not apply, and the court will determine the facts from the record as they appear just and right.

8. BANKRUPTCY, § 27*—*what sufficient proof of fraud in conveyance by bankrupt.* In an action by a trustee in bankruptcy to set aside as fraudulent a conveyance by the bankrupt within four months prior to the filing of the petition in bankruptcy, proof of actual knowledge by the purchaser of the intention of the bankrupt in the sale of the goods is not essential. It is sufficient to charge him with notice, if the facts and circumstances surrounding the transaction are of a character to put a reasonably prudent man upon inquiry, and a purchaser, under such circumstances, is charged with notice of what such inquiry, reasonably and diligently pursued, might have revealed.

9. BANKRUPTCY, § 27*—*good faith of purchaser from bankrupt how determined.* The good faith of a purchaser from the bankrupt is not to be determined by his testimony alone, but is to be determined from all the facts and circumstances of the case, and may be ascertained by inference from the circumstances surrounding the transaction.

10. BANKRUPTCY, § 27*—*rights of fraudulent purchaser to reimbursement.* Where a purchase from a bankrupt within four months of the filing of the petition in bankruptcy is invalid as not based on good faith and a present fair consideration, the purchaser is not entitled to be reimbursed for any money he may have actually paid for the property.

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded with directions. Opinion filed February 5, 1914.

**Statement by the Court.** This is a suit in chancery, filed in the Superior Court of Cook county, by

---

the appellant (hereinafter called the complainant), a trustee in bankruptcy of the Mitchell Dry Goods Company, Bankrupt, of Kansas City, Missouri, to set aside an alleged fraudulent sale of merchandise to the appellee (hereinafter called the defendant), a short time prior to the commencement of the bankruptcy proceedings. The bill of complaint charges that the complainant is trustee in bankruptcy of Mitchell Dry Goods Company, a bankrupt corporation of Kansas City, Missouri; that a petition in bankruptcy was filed against the said corporation December 18, 1909; that the corporation had been guilty of divers gross frauds; that its assets were sufficient to pay only fifteen per cent. of its indebtedness; that there had been a disappearance of about $200,000 worth of merchandise, which according to the books of the Company should be on hand; that there was a fraudulent transfer of merchandise from the corporation to the defendant, Thwing, while the corporation was insolvent; that the merchandise had been transferred with the intent and purpose on the part of the complainant and the defendant Thwing of defrauding, hindering and delaying the Company's creditors; that this merchandise had for a long time been concealed in a store in Kansas City, and was finally shipped to Chicago, where it was in the hands of auctioneers; that complainant had no inventory of the merchandise and could not describe the same; that it was being mixed with other merchandise in an auction house and was about to be disposed of; that complainant had been authorized to bring this suit; the complainant prayed that a receiver be appointed, discovery made, the transfer set aside and the merchandise declared to be the property of the complainant. F. H. Thwing and Gans & Company, the Chicago auctioneers, were made defendants to the suit.

The defendant, Thwing, answered, denying all the allegations of fraud, and averring that he purchased

the merchandise in good faith from one S. H. Gaines; that Gaines had obtained it from the Mitchell Dry Goods Company, and that Thwing had paid $4,000, an adequate consideration, for the merchandise.

On February 17, 1910, the date of the filing of the bill of complaint, on motion of the complainant, a receiver was appointed and the goods in question were seized in the auction house of Samuel Gans Company, in Chicago, Illinois. The Gans Company filed a disclaimer and it was dismissed out of the case.

Before the hearing of the case, the parties stipulated that the goods in question be sold at auction and the proceeds held in lieu of the merchandise to abide the event of the suit. This was done and the goods were bid in for $6,466.75.

The evidence in the case, practically all of which was introduced by the complainant, takes up a little over 1,000 stenographic pages of the record.

The case was tried by the chancellor on depositions, and on testimony taken before the master and the referee in bankruptcy, and it was stipulated that the said testimony should be read to the chancellor in like manner as depositions. The chancellor entered the following decree in the case:

"The court being fully advised in the premises finds that although the evidence is not conclusive yet a preponderance thereof shows that as between the creditors of the Mitchell Dry Goods Company and the defendant, F. H. Thwing, the sale of the goods in plaintiff's petition described was a constructive fraud upon said creditors; that the same is therefore voidable, and to the extent of the excess in value of said goods above the actual price paid therefor, by and at the instance of the defendant Thwing to the Mitchell Dry Goods Company, said sale should be *pro tanto* vacated and held for naught.

The court further finds that the fair value of said goods at the time and place of the sale thereof to the defendant Thwing is the sum of five thousand five hun-

dred seventy-eight and twenty-two one-hundredths dollars ($5,578.22), being the net amount realized from the sale of the said goods by F. H. Culver, the receiver in this cause; that for said goods the defendant Thwing paid to the Mitchell Dry Goods Company out of his own funds the sum of three thousand five hundred dollars ($3,500) and procured one S. H. Gaines to pay to said company the further sum of five hundred dollars ($500), for which defendant Thwing obligated himself to reimburse said Gaines and that therefore the whole consideration paid by the defendant Thwing for said goods was the sum of four thousand dollars ($4,000).

It is ordered   *   *   *   that the whole amount in the hands of the receiver, including both original amount and accrued interest to date, left after deducting the two sums of one hundred five dollars ($105) and thirty dollars ($30), respectively, which the said receiver has paid for his receiver's indemnity bonds, is the sum of five thousand six hundred thirty-two and seventy-five one-hundredths dollars ($5,632.75).

The court further finds that the share of the plaintiff in the said original fund is the sum of one thousand five hundred seventy-eight and twenty-two one-hundredths dollars ($1,578.22), and that of the defendant the sum of four thousand dollars ($4,000), and that the share of each in the interest fund aforesaid is proportionate to the share of each in the original fund.
*   *   *

The court further finds that the costs of this litigation should be apportioned between the plaintiff and the defendant, F. H. Thwing, in the proportion that the interest of each in the original fund bears to the whole amount thereof.

It is therefore, by the court, decreed, ordered and adjudged that the receiver forthwith distribute and apply the funds in his hands as follows: First:

1.   To the payment of the costs of this litigation.

2.   That the amount left after paying said costs be divided between and paid to plaintiff and defendant in the proportion represented by the fractional interests of each therein, to-wit:

(a)   To the defendant, F. H. Thwing, the sum of 4,000/5,578.22 of the balance left in the hands of said receiver after paying the aforesaid costs.

(b)   To the plaintiff, Daniel F. Blake, the remainder of said fund left in the hands of the receiver after satisfying the foregoing requirements of this decree.''

The complainant prays this appeal and assigns as error that the chancellor failed to award the entire fund to the complainant; that the chancellor allowed the defendant reimbursement; that the decree is against the evidence and in contravention of the law. The defendant Thwing has assigned certain cross-errors, presenting the proposition to this court that the chancellor erred in holding that the defendant was guilty of constructive fraud; that the chancellor should have held that the purchase of the goods in question by the defendant was made in good faith and ''for a present valuable consideration,'' and should have awarded the entire net proceeds from the sale of the goods to the defendant.

LIPSON & LEVY, for appellant; THAD B. LANDON, of counsel.

EDMUND W. BURKE and GUTHRIE, GAMBLE & STREET, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

This is a proceeding by the complainant, a trustee in bankruptcy, under the Bankruptcy Act of 1898. Section 67e of that act provides that all conveyances, transfers, assignments or incumbrances of his property, or any part thereof, made or given within four months prior to the filing of the petition in bankruptcy, by a person adjudged a bankrupt under the provisions of the Bankruptcy Act, ''with the intent and purpose on his part to hinder, delay or defraud his creditors, or any of them, shall be null and void as against the

creditors of such debtor *except as to purchasers in good faith, and for a present fair consideration."* And such property so conveyed or transferred shall be and remain a part of the assets and estate of the bankrupt, and shall pass to his trustee in bankruptcy, "whose duty it shall be to recover and claim same by legal proceedings for the benefit of his creditors, and all conveyances or transfers made by the debtor which are held null and void against the creditors of such debtor by the laws of the State or district in which such property is situated, shall be deemed null and void under this Act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to his trustee and be by him reclaimed for the benefit of creditors." The trustee represents the creditors and may sue to avoid any conveyance which a creditor could have avoided. Such trustee may proceed for such purpose by a bill in equity, and will not be required to seek his remedy at law. Collier on Bankruptcy, 1039.

That the goods in question were disposed of to the defendant by Mitchell, the president of the bankrupt Company, through his confederate, Gaines, with the intention and purpose of hindering, delaying and defrauding the creditors of the bankrupt Company, is overwhelmingly shown by the proof in the case. The decree in the case, as to the defendant, is predicated upon the fraudulent conduct of Mitchell and Gaines. Counsel for the defendant, in their briefs, practically confine their efforts to a defense of the conduct of Thwing, and inferentially, at least, concede the fraudulent conduct of Mitchell and Gaines in the disposition of the goods.

Practically, therefore, the only question of fact the chancellor had to determine was, did the defendant purchase the goods in question *in good faith and "for a present fair consideration?"* If, as a *matter of fact*, the defendant purchased the goods in question in good

faith and "for a present fair consideration," the purchase would not be in contravention of the provisions of the Bankruptcy Act and he could not be deprived of the said goods in whole or in part by the application of principles governing cases of constructive fraud. If on the other hand, *as a matter of fact,* the defendant did not purchase the goods in good faith and "for a present fair consideration," the alleged sale to him would constitute a case of actual fraud, and it would be void *in toto,* as against the creditors of the bankrupt. Actual fraud is intentional fraud. Constructive fraud is such as the law infers from the circumstances of a particular case, regardless of the intent of the parties. The good faith of the defendant in the alleged purchase of the goods in question was a material inquiry. The defendant could only be deprived of the goods in question by a finding that he was guilty of *actual* fraud, that is, a want of good faith in the purchase of the goods.

The chancellor erred in applying the principles of constructive fraud to this case, and the cases cited by counsel for the defendant, in support of the contention that the chancellor had the right to hold that the defendant was guilty only of constructive fraud, do not apply to a case of this character.

In our determination of the question of the good faith of the defendant in the purchase of the goods, we have been governed by certain rules laid down by the Supreme Court. In *Baker v. Rockabrand,* 118 Ill. 370, which was a case tried by a chancellor upon depositions, the Supreme Court said:

"This court has frequently said, that when the trial court saw and heard the witnesses, with the opportunity of observing them while testifying, this court would attach much weight to the finding of the trial court, and would not reverse it upon mere questions of fact unless such finding was palpably erroneous, and we are not disposed to depart from that rule. But in cases where, as in the one at bar, the evidence is in

the form of depositions, the reason of the rule fails. This court, having the same facility of determining the truth or falsity of the testimony, must determine, from the record, the questions of fact, as shall appear just and right.''

In *McGinnis v. Jacobs,* 147 Ill. 30, which was a case tried by the chancellor upon depositions, the Supreme Court said:

''The chancellor who heard the case in the court below had therefore no better means of judging of the relative candor, fairness and credibility of the respective witnesses than we have, so that the appeal may be regarded substantially as presenting the case to us for a hearing *de novo* upon the same evidence heard in the court below.''

The vital question of fact for us to determine, is, was the defendant a purchaser in good faith and for a present fair consideration? In the case of *Houck v. Christy,* 81 C. C. A. 602, 152 Fed. 612 (opinion by Judge Van Devanter), the Court said:

''One is not a purchaser in good faith, if he purchases with knowledge of the fraudulent intent of the vendor, or under such circumstances as should put him upon inquiry as to the object for which the vendor sells. *Jones v. Simpson,* 116 U. S., 609, 614; 29 L. Ed., 742. Apart from what Christy had learned through his connection with the bank, he and Cover knew that Stephenson, the bankrupt, was engaged in a business in which men usually have creditors; that he had been recently incumbering his property for small amounts; that he was hastily disposing of all of it for much less than its fair value; that he was insisting that he be paid in cash, which it is easy to conceal from creditors, and that the transaction was altogether unusual. Plainly, therefore, they had knowledge of what reasonably should have put them, as prudent men, upon inquiry as to his solvency and purpose, and were chargeable with all the knowledge which would have been acquired by prosecuting the inquiry with reasonable diligence; which they didn't do. *Wager v. Hall,* 16 Wall. 584; 21 L. Ed., 504; *Shauer v. Alterton,* 151 U. S. 607, 614; 38

L. Ed., 286; *Walker v. Collins,* 50 Fed., 737. Moreover we think the evidence before recited brings the case well within the rule that badges of fraud altogether inconclusive, if separately considered, may by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof of fraudulent intent on the part of both vendor and vendee. *Castle v. Bullard,* 23 How., 172; 16 L. Ed., 424; *Wager v. Hall,* 16 Wall., 584; 21 L. Ed., 504.''

In *Dokken v. Page,* 77 C. C. A. 674, 147 Fed. 438, Eighth Circuit Court of Appeals, it is said, page 439:

''It is full time that speculating purchasers from insolvent debtors should know that under the bankrupt act they cannot stop their ears and shut their eyes lest they may hear or see that such a merchant as Tveten was selling out his entire stock of goods in order to defeat his creditors in the collection of their just claims. Such speculators on chance seem to think that they can escape the statute by studiously and cunningly placing themselves in a position to half satisfy conscience by saying: 'Didn't know the vendor was bankrupt. He did not so inform me; and I did not ask him. I did not know about his creditors, as I did not examine his books. I did not take an inventory of the goods or carefully examine them as I had a general knowledge of their character, and did not look further'—and the like.''

Proof of actual knowledge by the purchaser of the intention of the bankrupt in the sale of the goods is not necessary. It is sufficient to charge one with notice if the facts and circumstances surrounding the transaction are of a character to put a reasonably prudent man upon inquiry, and a purchaser, under such circumstances, is charged with notice of what such inquiry, reasonably and diligently pursued, might have revealed. *Houck v. Christy, supra; National Bank of Commerce v. Brunswick Tobacco Works Co.,* 155 Mo. 602. The good faith of the defendant is not determined solely by his testimony on that subject, but it is to be determined from all the facts and circumstances

in the case. It may be ascertained by inference, from the circumstances surrounding the transaction. *Kennard v. Curran*, 239 Ill. 129.

We have carefully studied the record in this case, and we have come to the conclusion that the evidence proves conclusively that the defendant Thwing did not purchase the goods from the bankrupt, or its confederate, Gaines, in good faith, and "for a present fair consideration." No reasonable inference can be drawn from all the facts and circumstances in evidence than that the bankrupt and its confederate, Gaines, conspired with the defendant to defraud the creditors of the bankrupt, and that the alleged sale of the goods in question to the defendant was a result of said conspiracy. It is impossible, without extending this opinion to an unwarranted length, to give in detail the many facts and circumstances that have forced us to the conclusion we have reached.

Under section 67e of the Bankruptcy Act, the fraudulent sale of the goods to the defendant (not a purchaser in good faith) as against the creditors of the bankrupt was null and void, and the defendant, an active participant in the fraud on the creditors, is not entitled to be reimbursed for any money he may have actually paid for the goods. The loss of the amount paid by him is the penalty the law inflicts upon him for his participation in the fraud upon the creditors. To refund to the defendant the money he may have paid would be to remove all risk of loss to a fraudulent grantee. *Ott v. Doroshow*, 147 Fed. 763; *Biggins v. Lambert*, 213 Ill. 625; *Beidler v. Crane*, 135 Ill. 92; 14 Am. & Eng. Encyc. Law, 344. It follows from what we have said that the complainant is entitled to the entire net proceeds of the sale of the goods.

The decree of the Superior Court is, therefore, reversed and the cause is remanded with directions to the chancellor to enter a decree in the case finding the equities with the complainant and awarding him

the entire proceeds from the sale of the goods, less the court costs and charges.

The motion of the defendant to tax the complainant for the cost to the defendant of printing an additional abstract of the record in this case is denied.

*Decree reversed and cause remanded with directions.*