BEECHER *v.* CITY OF TERRE HAUTE, ET AL.

[No. 29,239. Filed February 9, 1956.]

*Samuel E. Beecher, Jr.,* for appellant.

*Hickam & Hickam,* of Spencer, *Ernest J. Zwerner,* City Attorney, *John A. Kesler,* and *Gambill, Dudley, Phillips & Gambill,* of Terre Haute, for appellees.

EMMERT, J.—This is an appeal from a judgment entered on special findings of facts and conclusions of law denying appellant an injunction to prohibit rescission of a contract for removal of garbage for the City of Terre Haute. The assignment of errors here charged the trial court erred in overruling appellant's motion for a new trial. The sole cause for the motion for new trial is "the decision of the court is contrary to law." The plaintiff's third amended complaint pleaded as an exhibit Special Ordinance No. 3 of 1951, passed by the Common Council of the City of Terre Haute the 8th day of February, 1951, and approved by the Mayor the 10th day of February, approving a contract, which incorporated specifications therefor, as executed by the Board of Public Works and Safety and the Mayor in behalf of the City, and Raymond J. Kearns and Joseph Candelori, doing business as Sanitary Garbage Collection, hereinafter referred to as the contractors, whereby the contractors agreed to collect, remove and dispose of garbage in said city for a period of five years from the 11th day of March, 1951, for which the city promised to pay the sum of $29,747.00 per year.

The third amended complaint further pleaded as an exhibit Special Ordinance No. 18 of 1953, which approved an agreement to surrender the contract and release the parties from performance thereof and released the surety on the performance bond, the contract of rescission to become effective when a new contract was entered into for the collection of garbage. This second ordinance was passed the 15th day of September, 1953, and approved by the Mayor September 24, 1953. The contract for rescission contained many recitals concerning the effect of Chapter 236 of the 1953 Acts, §16-1726 et seq., Burns' 1950 Replacement, Supp., which, among

other things, changed the method of feeding garbage to swine by requiring that it be cooked one-half hour at 212 degrees Fahrenheit before being used as feed. The recitals assumed that additional expenditures would be necessitated in order to comply with said Act, which were not anticipated or contemplated by the parties at the time the first contract was executed; that the City would have to adopt many new specifications for the collection and disposal of garbage, and that the Act and the new specifications would require a new contract between the City and the contractors to collect and dispose of garbage.

Section 9 of the Act (§16-1734, Burns' 1950 Replacement, Supp.) provides as follows:

"Any contract for the sale or use of uncooked garbage as feed is hereby declared to be detrimental to the health of the people of the state of Indiana, and for this reason any such contract is declared to be in violation of the public policy of the state and is hereby declared to be invalid and of no force and effect."

The special findings of the trial court found that the appellant was a resident, freeholder and taxpayer of the City of Terre Haute, found the execution and enactment of the contract and Ordinances as pleaded by appellant, and the performance bond in the sum of $29,-747.00 with a corporate surety thereon. By finding No. 7 the trial court found that no fraud, misrepresentation or bad faith was involved in the passage of the second ordinance and "That such ordinance by its terms does indicate that probably a new contract would be for a greater amount to be paid to the contractor than that provided for in the original contract but there is no evidence that the taxpayers and residents of Terre

Haute will not receive better or more improved service when and if a new contract is made."

Neither the assignment of errors nor the motion for new trial assert the court erred in any conclusion of law.[1] The only issue here is whether any finding is contrary to law for any reason presented by appellant's argument section of his brief.

Appellant's argument may be summarized under four headings, (1) the contract could not be nullified without reservation of the power to do so, (2) the city lacked corporate power to rescind the contract, (3) the rescission was a constructive fraud upon the public and the taxpayers, and (4) injunction was a proper remedy.

The special findings correctly found as to the full text of each contract and each respective ordinance approving each. Since such facts were fully and explicitly found, none of these findings could be contrary to law. If the absence of a reservation of a right to rescind prohibited mutual rescission, such would be a matter of law and not of fact.

If the city acted in excess of its statutory authority, such would be a matter of law and properly the subject of a conclusion of law. It is not necessary under the issues presented in this appeal to determine whether the acts of the city and the contractors constituted a constructive fraud upon the appellant and the taxpayers of the city as a matter of law. "Constructive fraud is fraud which arises by operation of law,

---

1. Rule 2-6, as amended effective November 30, 1949, now provides, "If, in the trial court, a motion for a new trial is filed, each error relied upon, however and whenever arising up to the time of the filing of said motion, may be separately specified therein as a ground therefor, and an assignment of error to the effect that the trial court erred in overruling said motion shall be sufficient to raise said asserted error on appeal. Errors which now must be assigned independently may still be so assigned if desired."

'from acts of (a) course of conduct which, if sanctioned by law, would, either in the particular case, or in common experience, secure an unconscionable advantage, irrespective of the existence or evidence of actual intent to defraud.' *Leader Publishing Co. et al.* v. *Grant Trust and Savings Co., Trustee* (1914), 182 Ind. 651, 660, 108 N. E. 121." *Ballard* v. *Drake's Estate* (1937), 103 Ind. App. 143, 148, 5 N. E. 2d 671. "Fraud, however, may exist without any intention to 'do a wrong,' as the law itself may, under certain conditions, declare a thing to be fraudulent without a real intention to commit fraud having been found. This is known as constructive fraud, or fraud in law, and may consist of any breach of duty, which, if not relieved against, would operate as a fraud. *Alsmeier* v. *Adams, supra;* 16 Cyc. 87." *Windle* v. *City of Valparaiso* (1916), 62 Ind. App. 342, 354, 355, 113 N. E. 429.[2] If the facts found by the court constituted a constructive fraud on the taxpayers of the city, such fraud would not be a matter for a finding of fact, but should have been an item of law under the court's conclusions of law.

Since under the limited issue raised by appellant's motion for new trial and assignment of errors, appellant has shown no cause for reversal of the judgment by reason of any finding being contrary to law, it becomes unnecessary to decide whether injunction was a proper remedy for appellant as an aggrieved taxpayer of the city.

Judgment affirmed.

Bobbitt, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 132 N. E. 2d 141.

---

2. "Actual fraud is intentional fraud. Constructive fraud is such as the law infers from the circumstances of a particular case, regardless of the intent of the parties." *Blake* v. *Thwing* (1914), 185 Ill. App. 187, 194.