THE VIGO COUNTY SCHOOL CORPORATION, IVERSON BELL, CHARLOTTE CALDWELL, PETER FARMER, PAUL HAAS, WILLIAM LLEWELLYN, JOHN VALEE, AS THE BOARD OF TRUSTEES OF THE VIGO COUNTY SCHOOL CORPORATION, AND C. KENNETH COTTOM, SUPERINTENDENT OF THE VIGO COUNTY SCHOOL CORPORATION v. WAYNE A. CROCKETT, ET AL.

[No. 1-973A165. Filed February 26, 1974.]

---

*Jordan D. Lewis, Stephen L. Trueblood, Lewis & Lewis,* of Terre Haute, for appellants.

*Gus Sacopulos, Cox, Zwerner, Gambill & Sullivan,* of Terre Haute, *George B. Tofaute, Tofaute & Spelman,* of Terre Haute, *Eric A. Frey, Rosenfeld, Wolfe & Frey,* of Terre Haute, for appellees.

ROBERTSON, P.J.—The defendant-appellant Vigo County School Corporation (hereinafter referred to as VCSC) is appealing the granting of a temporary injunction which prohibits VCSC from implementing certain plans to build schools and close other schools, among other things. The plaintiffs-appellees (the approximately 1200 plaintiffs will hereinafter be collectively referred to as Crockett) commenced this cause of action under the provisions of the Public Lawsuits Act, IC 34-4-17-1 *et seq.* Ind. Ann. Stat. § 3-3301 *et seq.* (Burns 1968). A preliminary injunction was granted on the day the complaint was filed. After resolving questions involving a change of judge (*Crockett* v. *Vigo County School Corporation* (1973), Ind., 295 N.E.2d 621), a second trip to the Indiana Supreme Court produced an order which, *inter alia,* required the court to make findings pursuant to TR. 52(A)[1] and to

---

1. Special findings of fact are to be made without request when the court grants or refuses a preliminary injunction.

expeditiously conduct other required hearings and/or trials. An interlocutory hearing, as contemplated by IC 34-4-17-5, Ind. Ann. Stat. § 3-3305 (Burns 1973), was held.[2] The findings of the court, entered on the 5th of September, 1973, were:

## "FINDINGS OF FACT

1. This is a class action brought pursuant to the public Lawsuits Act (Burns 3-3301 et seq. IC 34-4-17-1 et seq.) based upon a theory of constructive fraud and waste of the resources of the Vigo County School Corporation and misuse of public funds.

2. Prior to the filing of this lawsuit, it was the announced plan of the Board of Trustees of the Vigo County School Corporation to build an elementary school near Prairieton to accommodate eight hundred fifty-five (855) students, to build an elementary school near the present Sugar Grove School to accommodate eight hundred fifty-five (855) students, to build additions to Fayette, Fuqua and Meadows Elementary Schools, and to close Fairbanks, Rea, Collett, Consolidated, Cruft, Lange, Greenwood, Maple Avenue, Montrose, Pimento, Rankin, Sandison, Thornton, and the present Sugar Grove Elementary Schools.

3. With the exception of Consolidated and Pimento Elementary Schools, all elementary schools planned to be closed by the Board of Trustees of the Vigo County School Corporation are located within the City of Terre Haute, the new school planned to be built to be built near Prairieton is outside the city limits of Terre Haute as is the addition planned for Fayette Elementary School; the planned new Sugar Grove School and the planned additions to Fuqua Elementary School are on the periphery of the limits of the City of Terre Haute.

4. The said plan announced by the Board of Trustees of the Vigo County School Corporation is arbitrary and ca-

2. "At any time prior to the final hearing in a public lawsuit, the defendant may petition for an order of the court that the cause be dismissed unless the plaintiff shall post a bond with surety to be approved by the court payable to defendant for the payment of all damages and costs which may accrue by reason of the filing of the lawsuit in the event the defendant prevails. A hearing shall be had on such petition in the same manner as the hearing on temporary injunctions under IC 1971, 34-1 (formerly Acts 1881 (Spec. Sess.), ch. 38:)"

pricious in that it is not supported by facts or a reasonable attempt to ascertain facts. In this regard, the Court further finds;

(a) The Board of Trustees and its Administration has given no consideration to the continued utility of the elementary schools planned to be closed.

(b) Neither the Board of Trustees nor anyone on its behalf consulted with the Fire Department of the City of Terre Haute, the State Fire Marshal's Office, the Area Planning Department, the Health Department, the Police Department, the Sheriff of Vigo County's Office, the office of the Building Inspector of Terre Haute, the City Engineer, or the office of the Board of Sanitary Commissioners in arriving at its decision to close said elementary schools.

(c) Neither the Board of Trustees nor anyone acting on its behalf investigated studies or results of studies done with respect to correlation of delinquency and the propensity for delinquency and elementary school size.

(d) The Board of Trustees and its Administration have given no consideration to the number of additional buses that would be required to transport the children attending the said schools planned to be closed, virtually all of whom would require busing under the Board of Trustees' plan.

(e) The Board of Trustees has given no consideration to the additional cost of such additional buses or the cost of their operation and maintenance.

(f) The Board of Trustees has given no consideration as to how school district boundaries would be altered under their said plan and the affect of any such alterations upon the community and the areas to be served.

(g) The Board of Trustees has given no consideration with respect to the adequacy of roads to handle safely the transportation of the additional children that would be required to be bused to outlying areas of the City of Terre Haute under the Board of Trustees' said plan.

(h) The Board of Trustees and its Administration have given no consideration to the availability and adequacy of water or of police and fire protection for the planned new schools.

(i) The Board of Trustees has given no consideration to the problem of sewage treatment and drainage at the site of the planned school near Prairieton.

(j) The Board of Trustees has given no consideration to the relative merits and costs of renovating the schools planned to be closed as compared to the relative merits and costs of the planned new schools and additions.

(k) The specifications for the construction of the planned new schools are so vague as to discourage competitive bidding by contractors.

(l) The Physical Facilities Assessment Survey and Recommendations, said to be the basis for the plan announced by the Board of Trustees of the Vigo County School Corporation is not being followed by the Board of Trustees and does not reasonably resemble the announced plan of the Board of Trustees.

5. The Board of Trustees of the Vigo County School Corporation has disregarded its duty to the citizens and taxpayers of Vigo County and violated public and private confidence and injured the public interests in that:

(a) It hired a Superintendent of Schools, who is its chief executive officer, who did not meet the Board of Trustees' own minimum requirements;

(b) It failed to advertise or take applications for the job of Superintendent of Schools, but instead chose to hire Mr. C. Kenneth Cottom who had not applied for the job, did not want the job, and who at the time of his hiring did not meet the minimum requirements of either the Board of Trustees or the State of Indiana for the said job.

(c) It abdicated and abused its power and authority and also abused its discretion to make decisions regarding the closing of schools, the building of schools and additions thereto, the size of schools, determination of attendance districts for schools, methods of teaching to be employed in elementary schools, and the location of schools to be built by relying solely upon the recommendations of its Superintendent without consideration or investigation of the bases in fact, if any, for such recommendation.

(d) It has arbitrarily and capriciously disregarded petitions signed by hundreds and some by more than a thousand citizens and taxpayers of Vigo County.

(e) It has been arbitrarily and capriciously unresponsive to the citizens and taxpayers of Vigo County.

(f) The nature and scope of its said announced plan on the citizens of Terre Haute will be disruptive, costly, and detrimental, and the nature and scope of said announced plan will be unnecessarily disruptive to the governmental processes of the City of Terre Haute.

(g) It has adopted a policy of totally integrating all public schools of Vigo County with arbitrary and disregard and without consideration for the effect of the implementation of said policy upon the blacks residing within the City of Terre Haute which comprise only 7.48 of the population.

(h) It has admitted through its members, Bell and Caldwell, that its actions and decisions for at least the two (2) years prior to the filing of this lawsuit have had a detrimental, adverse affect upon the public interests and confidence of the citizens of Vigo County.

(i) It has admitted through its chief executive officer, Superintendent Cottom, that it has been generally unresponsive to the citizens of Vigo County; and, Superintendent Cottom, by reason thereof, is presently in the process of devising plans that are substantially different from those recommended by him and adopted by the Board of Trustees prior to the filing of this lawsuit.

6. The announced plan of the Board of Trustees would, if executed, amount to an arbitrary and capricious misuse of public funds in that the closing of many of the elementary schools announced to be closed under the Board of Trustees' plan and the building program announced under the plan of the Board of Trustees prior to the filing of this lawsuit may be unnecessary, as admitted by Superintendent Cottom.

7. The Board of Trustees has violated its trust to the Vigo County School Corporation and the beneficiaries thereof by reason of facts heretofore found and by reason of embarking on a plan that would tend to waste the assets of their trust.

8. The Defendants Haas, Farmer and Caldwell, have violated their said trust additionally by having accepted and used for their own benefits property of the Vigo County School Corporation without having made any payment for the same."

### "CONCLUSIONS OF LAW

Upon the foregoing Findings of Fact, the Court concludes:

1. The plaintiffs can establish facts that would entitle them to a temporary injunction against the defendants, and Plaintiffs have established such facts.

2. Unless enjoined, the Defendants will unnecessarily close many elementary schools and proceed with building and busing plans that have no demonstrated reasonable justification in fact; such actions, if taken, would under the evidence received at the Hearing of this Court, be in violation of the fiduciary responsibilities of the Defendant Trustees and have an adverse, detrimental, disruptive and costly effect upon the citizenry of Vigo County, which is without adequate remedy at law to prevent the same."

Prior to a discussion of the several issues raised by VCSC it would be well to examine the posture of this appeal. IC 34-4-17-5, Ind. Ann. Stat. § 3-3305 (Burns 1973) requires, upon proper motion, a hearing to determine if the plaintiffs can establish facts entitling them to a temporary injunction. A portion of *Gariup* v. *Stern* (1970), 254 Ind. 563, 261 N.E.2d 578, is directed to the standard placed on the plaintiff, as well as this court. It held:

"We agree * * * that a hearing is contemplated under this section, and not a trial, and that plaintiff need not establish such a case as would entitle them to a judgment after a trial on the merits. We have recently so held in Johnson et al. v. Tipton Community School Corp. et al. (1970), [253] Ind. [460], 255 N.E.2d 92. In that case we held that plaintiff in a hearing under Burns § 3-3305 is only required to present evidence to establish that:

'* * * the question to be tried was a substantial one, proper for investigation by a court of equity. It is not necessary that a case should be made out as would entitle appellants to relief on the final hearing; * * *.'

"The determination that a plaintiff has satisfied that requirement is to be made by the trial court. In reviewing his decision this court has a different and more limited role. It has been said that we review a ruling on a request

for temporary injunction solely to determine whether the ruling of the trial court was 'an abuse of discretion.' (Citing authorities.)" 261 N.E.2d at 582. See also: *Teperich* v. *North Judson-San Pierre H.S. Bldg. Corp.* (1971), 257 Ind. 516, 275 N.E.2d 814. (Adds requirement of findings as specified in TR. 52[A].) Furthermore, this court does not weigh the evidence nor resolve questions of credibility. *Wm. J. & M. S. Vesey, Inc.* v. *Hillman* (1972), 151 Ind. App. 388, 280 N.E.2d 88.

VCSC has grouped numerous allegations of error into six major issues. These are characterized as being:

1. The lower court erred in failing to comply with the mandate of the Supreme Court to find the facts specially;

2. The lower court erred by its findings and conclusions, in that such findings and conclusions constitute an interference and disrespect of the legislative plan of the General Assembly by allowing plaintiffs to substitute their judgment and will for the judgment and will of the duly elected school board of trustees;

3. The lower court erred at the conclusion of the bond hearing in failing to require the appellees to post bond before continuing this cause;

4. The lower court erred in finding for the plaintiffs-appellees on the theory of constructive fraud;

5. The lower court erred in ordering that a preliminary injunction be continued in full force and effect, and

6. The lower court erred in taxing the cost of the interlocutory hearing of August 20th through August 23 against the defendants-appellants."

Although we will treat the several issues individually, it is our opinion that the keystone issue upon which this appeal rises or falls, simply stated, is whether or not Crockett was entitled to a preliminary injunction. For the reasons stated hereafter, we are of the opinion that there is no error.

We believe a detailed review of the testimonial and documentary evidence submitted to the trier of fact would serve no useful purpose in the decision of this appeal. It is sufficient to observe that the findings of the trial court are substantiated on the record, in varying degrees, by the evidence

and the inferences to be drawn therefrom. The totality of that evidence is such that a temporary injunction is warranted under the previously quoted standard enunciated in *Gariup* v. *Stern, supra.*

VCSC first argues that the findings of the trial court are obfuscated with conclusions of law. We must first note that the trial court will not be reversed unless the findings are clearly erroneous. *Drost* v. *Professional Building Service Corp.* (1972), 153 Ind. App. 273, 286 N.E.2d 846. We cannot say, as a matter of law, that the findings at hand are clearly erroneous. All those facts necessary to sustain the granting of a temporary injunction are present. Neither do we view as unusual the harmony between the plaintiff's complaint and the findings considering that the plaintiff prevailed in obtaining the temporary injunction.

VCSC's argument that this court has de novo powers in previewing the trial court's actions in a public lawsuit would only come into play (assuming the truth of such a proposition) should we decide reversible error existed. It should be obvious at this point that such is not the case.

VCSC's second major grouping of error is based upon judicial interference of a clearly stated legislative plan allowing discretion on the part of a school board as evidenced by the School General Powers Act, IC 20-5-2-1 *et seq.*, Ind. Ann. Stat. § 28-1709 *et seq.* (Burns 1970). There is no doubt that this issue, emotionally and legally, constitutes the heart of this lawsuit and must be decided by the trial judge at the final determination of whether the injunction should be made permanent or dissolved. In reviewing the propriety of the issuance of a temporary injunction, however, it is not our office to determine how absolute the relative merits may be between the parties on this question, but only to review for the trial court's abuse of discretion as described in *Gariup* v. *Stern, supra.* One of several available examples of the questions to be resolved would be that the aforementioned School

General Powers Act allows transportation of children to and from school when necessary in the school board's opinion. The evidence at the preliminary hearing on what properly constitutes necessity is highly conflicting. We cannot, therefore, conclude that error exists insofar as the judicial maintenance of the status quo, pending a determination on the merits, is concerned.

VCSC's argument that Crockett should have been required to post a bond is clearly without merit. Burns § 3-3305 directs a bond only when plaintiffs fail to make a showing entitling them to a preliminary injunction. Such was not the instant case. We are of the further opinion that other arguments raised under this assignment of error are adequately disposed of in the discussion of the preceding issues.

VCSC next argues that there was no evidence to prove the essential elements of constructive fraud. *Beecher* v. *City of Terre Haute, et al.* (1956), 235 Ind. 180, 132 N.E.2d 141, defines constructive fraud as:

> ". . . fraud which arises by operation of law, 'from acts of (a) course of conduct which, if sanctioned by law, would either in the particular case, or in common experience, secure an unconscionable advantage, irrespective of the existence or evidence of actual intent to defraud.' Leader Publishing Co. et al. v. Grant Trust and Savings Co., Trustee (1914), 182 Ind. 651, 660, 108 N.E. 121. Ballard v. Drake's Estate (1937), 103 Ind. App. 143, 148, 5 N.E.2d 671. Fraud, however, may exist without any intention to 'do a wrong' as the law itself may, under certain conditions, declare a thing to be fraudulent without a real intention to commit fraud having been found. This is known as constructive fraud, or fraud in law, and may consist of any breach of duty, which, if not relieved against, would operate as a fraud." 235 Ind. at 184-185.

Remembering that we are reviewing this case only for an abuse of discretion on the part of the trial court, we are of the opinion that Findings No. 4 and No. 5, if proven by a preponderance of the evidence at the final hearing, may serve as a basis for finding constructive fraud. As we have indicated

heretofore, the question is "a substantial one, proper for investigation by a court of equity." *Teperich, supra.*

We do not believe that VCSC's argument that TR. 65(E) (". . . this rule shall not affect . . . public lawsuits") eliminates temporary injunctions as an available remedy in a public lawsuit. It does, however, have the effect of eliminating the bond in some instances as required by TR. 65(C) because the applicable statute specifies a bond only when the plaintiffs are not successful in making a showing that they are entitled to a temporary injunction. See also 4 Harvey & Townsend, Ind. Prac. § 65.12 at p. 397. Neither do the cases of *State ex rel. Haberkorn et al.* v. *DeKalb Circuit Court* (1968), 251 Ind. 283, 241 N.E.2d 62, or *Johnson* v. *Tipton Comm. School Corp.* (1970), 253 Ind. 460, 255 N.E.2d 92, stand for the proposition that injunctive relief is not appropriate in a public lawsuit. In both cases the plaintiff failed in sustaining their burden of proof. We are of the opinion that the statutes and the case law contemplates interlocutory injunctive relief upon the proper showing by the plaintiffs in a public lawsuit.

As we have previously indicated the plaintiffs presented evidence entitling them to a temporary injunction, therefore, we find no error in continuing the original temporary injunction in force.

VCSC's final argument is with the court assessing costs against them because of that portion of TR. 54(D) which states ". . . costs against any governmental organization . . . shall be imposed to the extent permitted by law." Costs are not permitted, VCSC argues, because they are not mentioned in the Public Lawsuits Act. We disagree. Silence as to costs in the Public Lawsuits Act cannot be construed into authority that costs against the non-prevailing party is to be different than in the situation contemplated by that part of TR. 54(D), which states:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of

course to the prevailing party unless the court otherwise directs in accordance with any provision of law; . . ."

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 307 N.E.2d 510.