**Alfonso R. CLAUDIO, b/n/f Pedro Claudio and Pedro Claudio, Plaintiffs-Appellants**

v.

**SCHOOL CITY OF GARY, Defendant-Appellee.**

No. 3–782A146.

Court of Appeals of Indiana, Third District.

May 19, 1983.

---

Max Cohen, David Capp, Cohen & Thiros, Merrillville, for plaintiffs-appellants.

T. Sherman McClean, Gary, John Barce, S. Gregory Howard, Fowler, for defendant-appellee.

GARRARD, Judge.

The appellants recovered a judgment against the school city pursuant to the tort claims act. The judgment was affirmed on appeal,[1] and the Supreme Court denied transfer on May 13, 1981. Two weeks later the school city paid the damages portion of the judgment but did not pay costs which had been awarded.[2] Appellants now seek reversal of the trial court's subsequent determination that they were not entitled to interest on the damage award.

Their first contention concerns proper application of the statutory authorization provided in the tort claims act. At the time the claim was tried on the merits the statute, IC 34–4–16.5–17, provided:

"A claim or suit settled by, or a judgment rendered against, a governmental entity shall be paid by it not later than one hundred eighty (180) days after settlement or judgment, unless there is an appeal, in which case not later than one hundred eighty (180) days after a final decision is rendered. If payment is not made within one hundred eighty (180) days, the governmental entity is liable for interest from the date of settlement or judgment at an annual rate of eight percent (8%)."

Several decisions construing the statute have concluded that when an appeal has been taken the decision does not become "final" within the statutory meaning until the appeal has completed its course. Thus, where transfer to the Supreme Court is sought from the Court of Appeals decision, even though the Supreme Court does not

grant transfer, there is no final decision until the petition for transfer is denied. *Thompson v. State* (1981), Ind.App., 425 N.E.2d 167; *Holt v. City of Bloomington* (1979), Ind.App., 391 N.E.2d 829; *Speidel v. State* (1979), Ind.App., 179 Ind.App. 392, 386 N.E.2d 180. Similarly, if only rehearing is sought from the Court of Appeals, finality does not occur until rehearing is denied. *Glick v. Dept. of Commerce* (1979), Ind. App., 387 N.E.2d 74.

In 1980 this section of the statute was amended [effective March 3, 1980] to read:

"A claim or suit settled by, or a judgment rendered against, a governmental entity shall be paid by it not later than one hundred eighty (180) days after the date of settlement or judgment, unless there is an appeal, in which case not later than one hundred eighty (180) days after a final decision is rendered. If payment is not made within one hundred eighty (180) days after the date of settlement or judgment, the governmental entity is liable for. interest from the date of settlement or judgment at an annual rate of eight percent (8%). The governmental entity is liable for interest at that rate and from that date even if the case is appealed, provided the original judgment is upheld."

Acts 1980, P.L. 198, Section 1.

The purpose of this amendment was clearly to change the law. While it retained for governmental entities the 180 day grace period within which the entity could make necessary arrangements to fund and pay a judgment, a new policy was expressed concerning accrual of interest on such judgments. The amendment clearly mandates that taking an appeal will not relieve the governmental entity from an obligation to pay interest beyond the 180

---

1. (1980), Ind.App., 413 N.E.2d 628.

2. IC 33–1–9–1(c) [now 33–1–9–1.1(c) ] provided that advance court costs were not taxable in civil actions *instituted by or on behalf* of the state or any of its political subdivisions. In *Vigo Co. School Corp. v. Crockett* (1974), 159 Ind.App. 420, 307 N.E.2d 510, the court held that costs were recoverable against a school corporation in an action instituted against the

corporation under the public lawsuits statute. At least by implication, *Crockett* appears to stand for the proposition that since the general abolition of the doctrine of governmental immunity, a private party suing the state or one of its political subdivisions may recover costs in the absence of an express statutory prohibition. There has been no challenge to the propriety of the award in this case.

day period when the original judgment is upheld. The amendment not only discourages frivolous appeals intended to benefit a tortfeasor through interest free use of the funds necessary to satisfy a judgment for the time the appeal pends, it encourages the prompt and reasonable settlement of claims.

◾ Appellants contend the amendment should be given total retroactive effect. We disagree, and the court in *Thompson, supra,* has so held.

◾ However, the facts now before us are unlike those in *Thompson* where transfer had been denied in the original appeal several months before the effective date of the 1980 amendment.

Section 2 of the amendment of 1980 provides:

"(a) Notwithstanding the conflicting provisions of IC 34–4–16.5–17, for any case on appeal on the effective date of this act upon which a final decision has not been rendered or a final settlement has not been reached, any interest required to be paid by IC 34–4–16.5–17 accrues and accumulates only from the effective date of this act.

(b) Because an emergency exists, this act takes effect upon passage."

The legislature thereby unequivocally expressed its intention that the amendment should be given limited retrospective application to those cases in which a final decision had not been rendered by the effective date of the amendment. In such cases, where the governmental entity brought an unsuccessful appeal, interest is to accrue but only commencing with the effective date of the amendment.

Under *Thompson* and its predecessors the decision in appellants' case had not become final by the effective date of the amendment since transfer was not denied until May 13, 1981. It follows that appellants were entitled to interest on the judgment commencing March 3, 1980.

◾ One additional argument of appellants must be answered. They contend that since the costs portion of the judgment was admittedly not paid within 180 days after the decision in their case became final, they are entitled to interest on the entire amount of the judgment from the date it was rendered. We disagree.

◾ Initially, we note our agreement that the award of costs constitutes a portion of or an incident to the judgment entered in the cause. *See Church v. Hay* (1883), 93 Ind. 323. Interest is accruable upon unpaid costs. *Keifer v. Summers* (1894), 137 Ind. 106, 35 N.E. 1103.

◾ Moreover, we acknowledge Indiana's adherence to the "United States rule" that in applying partial payments to an interest-bearing debt which is due (including a judgment), and in the absence of an agreement or statute to the contrary, the payment should be first applied to the interest due and then to the reduction of principal. *Jacobs v. Ballenger* (1892), 130 Ind. 231, 29 N.E. 782; *see also* 45 Am.Jur.2d, *Interest & Usury,* Section 99.

◾ Even so the general rule, applicable to the case at bar, is that partial payment of a judgment prevents the accrual of any further interest on the amount paid. The judgment debtor is liable for further interest only on the unpaid remainder. *Broward Co. Port Authority v. Arundel Corp.* (5th Cir.1953), 206 F.2d 220; *Security Insurance Co. of Hartford v. Houser* (1976), 191 Colo. 189, 552 P.2d 308; *Williams v. Hanover Ins. Co. of New York* (La.App.1977), 351 So.2d 858; *7 Doyer Street Realty Corp. v. The Great Cathay Dev't. Corp.* (1974), 43 A.D.2d 476, 352 N.Y.S.2d 483; *cf. Indian Refining Co. v. Taylor* (1924), 195 Ind. 223, 143 N.E. 682.

We therefore conclude that appellants are entitled to interest only from March 3, 1980 and that upon the payment of any portion of the principal only the unpaid balance of the principal thereafter remaining would continue to accrue additional interest.

Reversed and remanded for further proceedings consistent herewith.

HOFFMAN, P.J., and STATON, J., concur.