**Jesus PARAMO and Santa Paramo, (Plaintiff Below),**

**Foss, Schuman, Drake & Barnard, doing business In Indiana As Cohen, Foss, Schuman & Drake, (Intervenor Below), Appellants,**

v.

**Roger D. EDWARDS, Artim Transportation Systems, Inc., and Steel and Machinery Transport, Co., Inc., (Defendants Below), Appellees.**

No. 37S04–9012–CV–774.

Supreme Court of Indiana.

Dec. 12, 1990.

Carmen A. Fernandez, Kowalski, Szarmach & Fernandez, East Chicago, for appellants.

Peter C. Bomberger, Friedrich, Bomberger, Tweedle & Blackmun, P.C., Highland, for intervenor-appellant.

Mark D. Gerth, Kightlinger & Gray, Indianapolis, for appellees.

DICKSON, Justice.

This case seeks clarification of the applicability of the doctrine of equitable estoppel to avoid a statute of limitations defense. We grant transfer to address the issue.

The plaintiffs-appellants Jesus Paramo and his wife Santa Paramo allege that they sustained injuries in a motor vehicle accident on September 6, 1983. Their resulting claims were asserted in an action not filed until December 27, 1985. The defendants Roger D. Edwards, Artim Transportation System, Inc., and Steel and Machinery

Transport Co., Inc., filed a motion to dismiss affirmatively asserting the two-year statute of limitations, Ind.Code § 34–1–2–2. The plaintiffs responded by alleging that the conduct of the defendants' insurer should estop defendants from asserting the defense.

In support of their claim of equitable estoppel to oppose summary judgment, the Paramos submitted affidavits of their attorneys, Stephen B. Cohen and Brian L. Burchett, who began representing the plaintiffs in this matter in September, 1984. Cohen's affidavit contains the following relevant information:

3. On or about July 23, 1985, he [Cohen] had a telephone conversation with one of the claims adjusters of American Interinsurance Exchange handling the file. He told the adjuster that they were having difficulty in obtaining information necessary to substantiate plaintiffs' claims, and that he thought it would be unwise to file suit and incur litigation expenses on a claim that might have either great value or small value depending upon the information obtained.

4. He and the adjuster agreed that no lawsuit would be required as long as the parties remained in contact with one another and due diligence was used to obtain the information necessary to substantiate plaintiffs' claims and indicate their value.

5. During the conversation he and the adjuster agreed not to file suit until all efforts at settlement had been exhausted.

Record at 69. Burchett's affidavit contains the following relevant assertion:

5. During his telephone conversations with Mr. Welsh [identified by implication as an adjuster for defendants' insurer] on October 4, 1985, and November 14, 1985, they continued to discuss settlement of plaintiffs' claims. On October 4, 1985, Mr. Welsh indicated he would negotiate

based upon the information available. On November 14, 1985, Mr. Welsh indicated that the demand was beyond his authority and that he had evaluated the file and made a recommendation concerning settlement to his supervisor.

Record at 70.

Following submission of documentary evidence by the parties, the trial court treated the defendants' motion as one for summary judgment, which it granted on November 12, 1987. Thereafter, the trial court permitted the plaintiffs' former lawyers [1] to intervene as a party plaintiff for the purpose of participation in the taking of this appeal.

The single issue presented in the briefs of the plaintiffs and the intervening party plaintiff to the Court of Appeals was whether there existed a genuine issue of material fact regarding the Paramos' claim that the defendants were equitably estopped from raising the statute of limitations. The Court of Appeals reversed the summary judgment and remanded for trial. *Paramo v. Edwards* (1989), Ind.App., 541 N.E.2d 979.

### Equitable Estoppel

The parties dispute whether the doctrine of equitable estoppel may be applicable under the facts presented by the plaintiffs. Their disagreement centers upon the elements of the doctrine.

The plaintiffs cite as principal authority *Marcum v. Richmond Auto Parts Co.* (1971), 149 Ind.App. 120, 270 N.E.2d 884. In *Marcum*, a personal injury plaintiff failed to commence the action within the applicable statute of limitations, which the defendant raised as an affirmative defense. The plaintiff's reply alleged that the delay resulted from representations of the defendant's insurer that the insurer admitted liability, would pay medical expenses, would pay lost wages, would "make a fair cash settlement," and specifically request-

---

1. In a separate action commenced July 9, 1987, the plaintiffs then sued Cohen, Foss, Schuman and Drake alleging legal malpractice.

ed that plaintiff not consult an attorney. Describing the situation as one in which "guileless · and trusting plaintiffs who through no fault of their own and by reason of the misrepresentation of their prospective adversary have been induced to allow the statutory period of limitation to expire" the Court of Appeals stated:

It is difficult to conceive of a stronger case for the application of the doctrine of equitable estoppel than that where a plaintiff has been induced by fraud on the part of the defendant to defer the commencement of suit.

149 Ind.App. at 126, 270 N.E.2d at 887. Furthermore, the *Marcum* court expressly rejected limiting the term "fraud" to its "technical or classical sense," but rather utilized the concept of constructive fraud which arises by operation of law from a course of conduct which, if sanctioned by law, would "secure an unconscionable advantage, irrespective of the existence or evidence of actual intent to defraud." 149 Ind.App. at 126, 270 N.E.2d at 887, quoting with approval from *Beecher v. City of Terre Haute* (1956), 235 Ind. 180, 184–185, 132 N.E.2d 141, 143.

The defendants contend that the doctrine of equitable estoppel is not applicable to the present facts because of the failure of plaintiffs to satisfy the first two of the following three claimed prerequisite elements: (1) false representation or concealment of material facts made with actual or constructive knowledge of falsity; (2) representation made to one without knowledge or reasonable means of knowing true facts, with intent to induce reliance; and (3) detrimental reliance. These elements have been listed in several cases discussing equitable estoppel. *See, e.g., Coghill v. Badger* (1981), Ind.App., 418 N.E.2d 1201, 1208; *AAA Wrecking Co. v. Barton, Curle & McLaren, Inc.* (1979), 182 Ind.App. 418, 421, 395 N.E.2d 343, 345; *Emmco Insurance v. Pashas* (1967), 140 Ind.App. 544, 551, 224 N.E.2d 314, 318.

However, other cases have applied the *Marcum* "course of conduct" approach to equitable estoppel without requiring an actual false representation or concealment of

existing fact. In *Hoosier Insurance Co. v. Ogle* (1971), 150 Ind.App. 590, 276 N.E.2d 876, the conduct of an insurer in making an inspection and in failing to send a notification letter was held to equitably estop it from denying coverage to its insured for alleged policy application misstatements. A promise to make future payment was held to satisfy the conduct requirement for application of equitable estoppel in *Lawshe v. Glen Park Lumber Co., Inc.* (1978), 176 Ind.App. 344, 347, 375 N.E.2d 275, 278:

The basis for the doctrine of equitable estoppel is fraud, either actual or constructive, on the part of the person estopped. Constructive fraud is fraud that arises by operation of law from conduct which, if sanctioned by the law, would secure an unconscionable advantage.... The result of the conduct triggers the application of the theory.

... [I]f one party is induced by another, on the faith of an oral promise, to place himself in a worse position than he would have been in had no promise been made, and if the party making the promise derives a benefit as a result of the promise, a constructive fraud exists which is subject to the trial court's equity jurisdiction. [Citations omitted.]

This language was recently quoted with approval in *Stafford v. Barnard Lumber Co., Inc.* (1988), Ind., 531 N.E.2d 202, 205. In *Phar–Crest Land Corp. v. Therber* (1969), 251 Ind. 674, 244 N.E.2d 644, Justice Arterburn discussed "principles of equity such as equitable estoppel" and quoted with approval from *Pitcher v. Dove* (1884), 99 Ind. 175, 177–78:

It is well settled that there need not be any design to defraud in order to constitute an estoppel. It is sufficient if the conduct of the party has been knowingly such as would make it unconscionable on his part to deny what his conduct had induced another to believe and act upon in good faith and without knowledge of the facts.

251 Ind. at 681, 244 N.E.2d at 647.

■ We therefore conclude that the doctrine of equitable estoppel is not limited to circumstances involving an actual false rep-

resentation or concealment of existing material fact. But the availability of the doctrine is subject to limitations.

 *Guy v. Schuldt* (1956), 236 Ind. 101, 138 N.E.2d 891, the authority upon which *Marcum* is based, recognized the application of equitable estoppel, but nevertheless stated:

> Before the doctrine of estoppel may be used to bar the defendant's use of the statute of limitations, the fraud must be of such character as to prevent inquiry, or to elude investigation, or to mislead the party who claims the cause of action.

236 Ind. at 107, 138 N.E.2d at 894. Whether particular conduct actually prevents inquiry, eludes investigation, or misleads, reflects upon the unconscionability of the resulting advantage. These factors have often been significant in the reluctance of our courts to apply equitable estoppel to benefit persons represented by counsel. For example, *Marcum* was distinguished in *Taylor v. Jensen* (1985), Ind.App., 475 N.E.2d 315, which found no evidence that the insurer's conduct in negotiating with the plaintiff's attorney prevented the plaintiff from discovering her rights. In such cases, a fundamental question has been whether the conduct of the insurer amounted to more than simple settlement negotiations. *Martin v. Levinson* (1980), Ind. App., 409 N.E.2d 1239. The conduct "must be of a caliber calculated to lead the other party to inaction to constitute an estoppel." 409 N.E.2d at 1243. The mere willingness to discuss settlement with a claimant's attorney several months before the expiration of the statute of limitations does not permit the inference that the insurer would not assert the statute so as to mislead the claimant. *Collins v. Dunifon* (1975), 163 Ind.App. 201, 323 N.E.2d 264. A simple openness to negotiation is insufficient to create an estoppel; the conduct must lull the claimant into inaction. *Sprowl v. Eddy* (1989), Ind.App., 547 N.E.2d 865. To create an equitable estoppel, the conduct of the insurer must be of a sufficient affirmative character to prevent inquiry or to elude investigation or to mislead and hinder.

*Barnd v. Borst* (1982), Ind.App., 431 N.E.2d 161. Likewise,

> [w]here persons stand mentally on equal footing, and in no fiduciary relation, the law will not protect one who fails to exercise common sense and judgment.

*Gatling v. Newell* (1857), 9 Ind. 572, quoted with approval in *Plymale v. Upright* (1981), Ind.App., 419 N.E.2d 756, 762, and *Barnd*, 431 N.E.2d at 169. It will generally be highly unlikely that an insurer's conduct in negotiations with an opposing party's attorney will be of a caliber calculated to lead the party to inaction. One exception could be an express promise or agreement not to assert a statute of limitations. *Sprowl*, 547 N.E.2d 865.

Therefore, we must determine from the matters before the trial court on summary judgment whether there was a genuine issue of material fact regarding the availability of equitable estoppel to preclude the defendants' statute of limitations defense.

### Summary Judgment

In reviewing a summary judgment, all doubts are resolved against the proponent of the motion, and all facts properly asserted by the party opposing the motion are assumed to be true. *Marathon Petroleum v. Colonial Motel* (1990), Ind.App., 550 N.E.2d 778. However, Ind.Trial Rule 56(E) demands that a party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Pepkowski v. Life of Indiana Ins. Co.* (1989), Ind., 535 N.E.2d 1164; *Hinkle v. Niehaus Lumber Co.* (1988), Ind., 525 N.E.2d 1243; *Shideler v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281; *Criss v. Bitzegaio* (1981), Ind., 420 N.E.2d 1221. The contents of all pleadings, affidavits and testimony are liberally construed in the light most favorable to the nonmoving party. *Ayres v. Indian Heights Vol. Fire Department* (1986), Ind., 493 N.E.2d 1229.

On transfer, the defendants-appellees argue that the substance of Cohen's affidavit consisted of conclusory allegations, inadmissible as evidence, and thus improperly

considered in determining whether or not summary judgment was appropriate.[2]

■ Affidavits supporting or opposing summary judgment must set forth such facts as would be admissible in evidence. T.R. 56(E). Conclusory statements not admissible at trial should be disregarded when determining whether to grant or deny a summary judgment motion. *Henry B. Gilpin Co. v. Moxley* (1982), Ind.App., 434 N.E.2d 914; *Coghill v. Badger* (1982), Ind.App., 430 N.E.2d 405. If an affidavit does not meet the requirements of T.R. 56(E), the trial court may disregard it on its own motion. *Lee v. Schroeder* (1988), Ind. App., 529 N.E.2d 349; *Cunningham v. Associates Capital Services Corp.* (1981), Ind.App., 421 N.E.2d 681.

■ However, the defendants did not file any motion to strike or object to any portions of the Cohen affidavit during the summary judgment proceedings in the trial court. They raise this issue for the first time in their brief in support of petition to transfer. A complaining party has a duty to direct the trial court's attention to a defective affidavit, and failure to raise an objection constitutes waiver. *Enderle v. Sharman* (1981), Ind.App., 422 N.E.2d 686. We decline to excuse the lack of timely objection despite the defendants' argument that a reviewing court is *bound* to affirm a trial court's grant of summary judgment if sustainable on any theory or basis found in the record. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154; *State v. Mileff* (1988), Ind.App., 520 N.E.2d 123; *Gorski v. Deering* (1984), Ind.App., 465 N.E.2d 759.

We prefer the general rule applied in the federal courts interpreting the analogous Fed.R.Civ.P. 56. Waiver will result if timely objection to documents or exhibits is not raised at the trial court. *Klingman v. Nat'l Indem. Co.* (7th Cir.1963), 317 F.2d 850; *Davis v. Howard* (5th Cir.1977), 561 F.2d 565; *Williams v. Evangelical Retire-*

*ment Homes* (8th Cir.1979), 594 F.2d 701; *Allen v. Scribner* (9th Cir.1987), 812 F.2d 426. A belated objection to such affidavits is allowed only to prevent "a gross miscarriage of justice." *Noblett v. General Elec. Credit Corp.* (10th Cir.1968), 400 F.2d 442, *cert. denied,* 393 U.S. 935, 89 S.Ct. 295, 21 L.Ed.2d 271; *Davis v. Sears, Roebuck and Co.* (1st Cir.1983), 708 F.2d 862.

■ We therefore conclude that, while trial court consideration of conclusory statements or matters in affidavits otherwise inadequate under T.R. 56(E) would constitute error, the defendants' failure to raise a timely objection constitutes waiver of such claim of error. In the present case, the failure of the defendants to raise such an objection precludes consideration of their contention that the Cohen affidavit contained inadmissible conclusory statements.

Although the portions of the Cohen affidavit which are alleged to be conclusory will thus be considered on appellate review, our inquiry does not end simply because such conclusions alleged an agreement reached between the plaintiffs' attorneys and the defendants as insurer. Under T.R. 56(E), a party opposing summary judgment must come forth with specific facts showing that there is a genuine issue for trial. *Hinkle v. Niehaus Lumber Co.* (1988), Ind., 525 N.E.2d 1243.

■ Cohen's affidavit fails to set forth the contents of any representations or statements made by the defendants' insurance adjuster. It does not assert that the insurer offered or promised not to assert the statute of limitations. Cohen's affidavit claim is merely that he and the adjuster "agreed that no lawsuit would be required as long as the parties remained in contact" and "agreed not to file suit until all efforts at settlement had been exhausted." The only specific fact favorable to plaintiffs on this issue is found in the Burchett affidavit

---

**2.** Because our decision is based on other grounds, we need not resolve the question of admissibility of attorney Cohen's opinion or conclusion that an agreement existed. *Compare McCullough v. Allen* (1983), Ind.App., 449 N.E.2d 1168, (attorney's affidavit containing le-

gal opinion on ultimate fact in issue held admissible and properly considered on summary judgment) *with Coghill,* 430 N.E.2d at 405 (attorney's affidavit interpreting telephone discussion with adjuster was mere conclusion, not statement of fact admissible at trial).

which asserts that on October 4, 1985, the adjuster "indicated he would negotiate based upon the information available." This cannot be viewed as anything more than a willingness to talk.

We conclude that the plaintiffs' submissions opposing summary judgment failed to set forth specific facts showing that the conduct of the defendants' insurer operated to reasonably mislead or lull the plaintiffs' attorneys to inaction. There is no showing of affirmative action by the defendants' insurer such as to prevent inquiry or elude investigation. Even assuming as true the facts properly asserted by the plaintiffs in opposing summary judgment, we nevertheless find that the plaintiffs have failed to set forth sufficient specific facts to support application of the doctrine of equitable estoppel. Absent such estoppel, there is no genuine issue of fact regarding the dispositive issue, the applicability of the statute of limitations.

Transfer is granted. The trial court's entry of summary judgment is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.