## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 26 2018, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Christopher J. Spataro
Elizabeth A. Klesmith
Tuesley Hall Konopa LLP
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Andrew W. Hull
Evan D. Carr
Hoover Hull Turner LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aaron Coates, <br> *Appellant-Defendant,* <br><br> v. <br><br> Valeo Financial Advisors, LLC, <br> *Appellee-Plaintiff.* | March 26, 2018 <br><br> Court of Appeals Case No. <br> 49A04-1710-PL-2464 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Heather A. Welch, Special Judge <br><br> Trial Court Cause No. <br> 49D01-1505-PL-15418 |

**Najam, Judge.**

## Statement of the Case

[1] Aaron Coates appeals the trial court's entry of summary judgment in favor of Valeo Financial Advisors, LLC ("Valeo") on Valeo's complaint alleging breach

of contract, breach of fiduciary duty, and account stated. Coates presents a single issue for our review, namely, whether the trial court erred when it entered summary judgment in favor of Valeo. We affirm.

## Facts and Procedural History

On September 15, 2009, Coates began employment as a financial planner with Valeo, a financial advisory firm, and Coates signed an employment agreement ("the agreement"). The agreement provided in relevant part as follows:

> 10. *Covenants Against Solicitation and Interference*
>
> (a) *Non-Solicitation*. During the Restricted Period (as defined below), Employee will not, directly or indirectly, (i) solicit, either for himself or on behalf of others, any of the Company's Clients or prospective Clients; . . . (iii) divert or attempt to divert any business of the Company to a Competitor; (iv) interfere in any manner with the business or operations then being conducted by the Company. . . .
>
> (b) *Definitions*. For purposes of this Section 10 . . . the following terms have the following meanings:
>
> > (i) *Restricted Period*. "Restricted Period" means the period of time during Employee's employment with the Company and a period of twenty-four (24) months from the effective date of termination of his employment with the Company. In the event of a breach of this Agreement by Employee, the Restricted Period will be extended automatically by the period of the breach.
>
> * * *

(iv) *Clients*. "Clients" means any person or entity for whom the Company performed services for within the preceding twenty-four (24) month period with or without direct remuneration to the Company . . . .

* * *

12. *Clients*.

* * *

(b) *Employee Lead Service Clients*. In the event of Employee's termination of employment with the Company, Employee may remove certain Employee Lead Service Clients from the Restrictive Covenants. To remove an Employee Lead Service Client from the Restrictive Covenants, Employee must pay a "removal fee" to the Company calculated as of the effective date of Employee's termination. . . .

Appellant's App. Vol. II at 63-65. In 2010, Valeo distributed to employees an updated version of the agreement, which included no substantive changes to its terms.

[3] Near the end of December 2014, Coates terminated his employment with Valeo. And on December 29, Coates "delivered to Valeo" letters from six of Valeo's clients stating that each of them "wish[ed] to terminate [the client's] advisory relationship with Valeo . . . effective 12/29/2014." *Id.* at 129. All six clients were "subject to the removal fee" provision of the agreement. *Id.* at 24. Accordingly, on January 15, 2015, Valeo sent Coates an account reconciliation setting out the removal fee Coates owed Valeo for each client. The aggregate

amount of the six removal fees was $37,476.96. Coates did not pay Valeo, but he also did not expressly object to the stated amount of the removal fees.

[4] On May 8, Valeo filed a complaint against Coates alleging breach of contract, breach of fiduciary duty, and an account stated claim. Coates timely filed his answer. On May 1, 2017, Valeo moved for summary judgment on all three claims, and Coates, *pro se*, filed a memorandum in opposition to summary judgment. In his memorandum, Coates made two contentions: that a question of fact exists regarding whether he was an employee or independent contractor; and that "[s]ummary judgment is inappropriate in any matter where each party contends the other party breached a contract." Appellant's App. Vol. II at 238. Following a hearing, the trial court entered summary judgment in favor of Valeo. This appeal ensued.

## Discussion and Decision

[5] Our standard of review for summary judgment appeals is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

> The initial burden is on the summary-judgment movant to "demonstrate[] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (alterations original to *Hughley*). We may affirm an entry of summary judgment on any theory supported by the designated evidence. *Alva Elec., Inc. v. Evansville-Vanderburgh Sch. Corp.*, 7 N.E.3d 263, 267 (Ind. 2014).

[6] It is well settled that issues not raised before the trial court on summary judgment cannot be argued for the first time on appeal and are waived. *Dunaway v. Allstate Ins. Co.*, 813 N.E.2d 376, 387 (Ind. Ct. App. 2004). Here, in his memorandum in opposition to summary judgment, Coates' argument consisted of the following two contentions: that summary judgment is "inappropriate when a fact specific question of an employee or independent contractor relationship exists that weighs on claims of statutory relief"; and that "[s]ummary judgment is inappropriate in any matter where each party contends the other party breached a contract." Appellant's App. Vol. II at 238. And Coates concluded his memorandum as follows:

> All Counts of Valeo's Complaint and Motion turn on the existence of a valid contract, and Coates' performance thereunder. Therefore, in light of clear case precedent, Defendant Coates is confident that Plaintiff's Motion for Summary Judgment is not appropriate for all three Counts, and therefore sees no justification in further burdening the Court by addressing each of Valeo's claims in its Motion.

*Id.* at 239.

[7]     On appeal, Coates abandons the arguments he made to the trial court and asserts entirely new arguments, including his contention that genuine issues of material fact exist to preclude summary judgment on each of Valeo's claims.[1] Coates' primary contention on appeal is that the trial court "had sufficient designated evidence at its disposal to deny Plaintiff's Motion for Summary Judgment."[2] Appellant's Br. at 20. But because Coates' appeal rests on arguments he did not make to the trial court and because he did not direct the trial court to the designated evidence he now asserts establishes genuine issues of material fact, he has waived his arguments on appeal. *See Dunaway*, 813

---

[1] For instance, Coates contends for the first time on appeal that the agreement is void. We reject Coates' assertion that he argued this issue in his memorandum in opposition to summary judgment. While Coates quoted from his answer regarding his contention that he was not an "employee," nothing in his memorandum in opposition to summary judgment resembles a cogent argument on the issue of whether the agreement is void.

[2] Coates relies heavily on the fact that he designated his answer as evidence in opposition to summary judgment. But it is well settled that, once a summary judgment movant designates evidence to establish a *prima facie* case, the non-movant "*may not rest* upon the mere allegations or denials of his pleading." T.R. 56(E) (emphasis added). Rather, "his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Id.*; *see also Hughley*, 15 N.E.3d at 1004. Because Coates did not set forth specific facts to the trial court showing that there was a genuine issue for trial by any evidence other than his answer, he did not meet his burden under Trial Rule 56(E).

N.E.2d at 387; *see also McGill v. Ling*, 801 N.E.2d 678, 688 (Ind. Ct. App. 2004) (rejecting summary judgment nonmovant's argument that issue raised for first time on appeal not waived where there were "facts in the summary judgment record to support [her] argument"), *trans. denied*.

[8] Waiver notwithstanding, we agree with the trial court that Valeo designated evidence to establish a *prima facie* case for breach of contract, breach of fiduciary duty, and account stated.[3] At that point, the burden shifted to Coates to designate to the court each material issue of fact which he maintained precluded entry of summary judgment and the evidence relevant thereto. T.R. 56(C). Coates did not satisfy his burden, and the trial court did not err when it entered summary judgment in favor of Valeo.

[9] Affirmed.

Mathias, J., and Barnes, J., concur.

---

[3] Valeo's designated evidence in support of summary judgment included the affidavit of Gregory Fulk, Chief Operating Officer of Valeo. In his affidavit, Fulk stated that Coates "solicited and diverted" each of the six Valeo clients in contravention of the agreement. Appellant's App. Vol. II at 101. Coates made no objection to the admission of that affidavit to the trial court. Accordingly, to the extent Coates now contends that Fulk was without personal knowledge that Coates solicited or diverted the clients, he has waived that issue for our review. *Paramo v. Edwards*, 563 N.E.2d 595, 600 (Ind. 1990) (noting a complaining party has a duty to direct the trial court's attention to a defective affidavit, and failure to raise an objection constitutes waiver).