SKELTON *v.* BANKS' ESTATE

[No. 17,389.   Filed November 16, 1945.]

*Thomas W. Lindsay,* of Evansville, for appellant.

*Louis N. Savage* and *Paul F. Mason,* both of Rockport, for appellee.

ROYSE, C. J.—On June 10, 1943, appellant filed her claim against appellee for nursing services rendered to the husband of appellee's decedent from the 15th day of March, 1934 to the 1st day of September, 1934. To appellant's amended complaint appellee filed answer in four paragraphs: (1) An answer of admission and denial under the rules; (2) Pleading the six-year statute of limitations; (3) That the promise of appellee's decedent was without consideration; (4) Plea of payment. Appellant replied to the second paragraph alleging a promise to pay the debt by appellee's decedent which, it is averred, tolled the statute of limitations.

The cause was submitted for trial to the court without the intervention of a jury. At the conclusion of the trial the court found for appellee and rendered judgment against appellant for costs.

The only error assigned here is that the trial court erred in overruling appellant's motion for a new trial. This being an appeal from a negative judgment, the only specification in the motion for a new trial which presents a question is that the finding of the court is contrary to law. *Wadler* v. *Mogul Rubber Corporation et al.* (1945), *ante,* p. 152, 61 N. E. (2d) 472, and authorities there cited.

Because of the conclusion we have reached, we deem it necessary to consider only the contention of the parties in reference to the statute of limitations.

It is provided by statute, § 2-610, Burns' 1933, as follows:

"No acknowledgment or promise shall be evidence of a new or continuing contract, whereby to take the case out of the operation of the provisions of this act, unless the same be contained in some writing signed by the party to be charged thereby."

Appellant contends this provision of the statute applies only to cases where the statute has barred the debt before the promise was made. In support of this contention she asserts the Supreme Court, in *Kisler* v. *Sanders, Administratrix* (1872), 40 Ind. 78, read into the above provision the words "after the statute has fully run or after the debt has been barred." An examination of that case will disclose it does not sustain appellant's contention. The Supreme Court there held that where it was not alleged in a pleading that the promise was in writing, such pleading did not state a defense to the statute of limitations. In summarizing its conception of the above provision of the law, it was said:

"No acknowledgment of or promise to pay a debt barred by the statute shall be sufficient to take the case out of the operation of the statute unless the same shall be contained in some writing, signed by the party to be charged thereby."

We do not believe this language can reasonably be construed to sustain appellant's contention. The statute of limitations provides that such actions as there considered, as in this case, shall be commenced within six years after such cause of action has accrued. The above quoted provision of § 2-610, *supra,* is identical to the section referred to in that case. It seems clear to us that in the foregoing statement the Supreme Court, in effect, said no acknowledgment or promise to pay

which is not in writing will extend the time for the filing of such action.

In 37 C. J. 1123, § 603, it is stated: "Statutes requiring a writing apply whether the new promise is made before or after the debt is barred, except where the statute is limited by its very terms." To the same effect see 34 Am. Jur. 236, § 293.

It is well settled in this state that evidence of parol statements cannot establish an acknowledgment or promise of a new or continuing contract so as to toll the running of the statute of limitations. *Kisler* v. *Sanders, Administratrix, supra; Ketcham, Adm'x.* v. *Hill* (1873), 42 Ind. 64; *McBride, Executor* v. *Ulmer* (1902), 30 Ind. App. 154, 65 N. E. 610. The promise relied on by appellant in this case being the parol promise of appellee's decedent would not extend the running of the six-year statute of limitations.

Therefore, the judgment of the Spencer Circuit Court is affirmed.

NOTE.—Reported in 63 N. E. (2d) 546.