Barbara GUINN, Appellant
(Plaintiff Below),

v.

Craig A. LIGHT, and Gerald R. Funderburk, Appellees
(Defendants Below).

No. 27S04–9008–CV–552.

Supreme Court of Indiana.

Aug. 22, 1990.

Vincent Kelley, Anderson, for appellant.

Carolyn O'Connor, Geoffrey Segar, Kelly J. Pitcher, Ice Miller Donadio & Ryan, Indianapolis, for appellees.

SHEPARD, Chief Justice.

The question presented is whether the statute of limitations continues to run for a claim under the Indiana Medical Malpractice Act when a proposed complaint is tendered to the commissioner of insurance and the commissioner determines that the health care provider has not qualified under the Act. We hold that it does.

The complaint alleging malpractice states that on August 10, 1982, appellee Craig Light, D.D.S., injected an anesthetic into appellant Barbara Guinn's lower jaw to numb her mouth for oral surgery. Gerald Funderburk, D.D.S., who was assisting Light, gave Guinn a second injection a few moments later. Guinn claims the dentists negligently performed the injection and caused nerve damage, permanent numbness and discomfort in her left lower jaw area.

On July 16, 1984, Guinn filed a proposed complaint of malpractice against Light and Funderburk with the Indiana Department of Insurance. Three days later, Ms. Lois Voorheis, office manager of the Department's Patient Compensation Division, sent a letter to Guinn's attorney stating that Light and Funderburk were not qualified health care providers under the Indiana Medical Malpractice Act.[1]

On August 31, 1984, more than two years after the alleged negligent act, defense counsel entered an appearance for the dentists. On October 29, 1984, that attorney filed interrogatories. Counsel for Light and Funderburk also participated in selecting a chairman for a medical review

---

1. To be qualified under the provisions of this article, a health care provider or his insurance carrier shall:

    (1) cause to be filed with the commissioner proof of financial responsibility as provided by section 6 of this chapter; and

    (2) pay the surcharge assessed by this article on all health care providers according to chapter 4 of this article....

Ind.Code § 16–9.5–2–1(a) (West 1984).

panel. On April 15, 1985, the panel chairman sent a letter to the Clerk of the Supreme Court and the attorneys for the parties stating that after consultation with Ms. Voorheis and with counsel for the dentists he had ascertained that neither dentist was covered by the Medical Malpractice Act. Therefore, the chairman wrote, the proceeding "does not come under the jurisdiction of the applicable statute." He also withdrew as chairman.

On May 29, 1985, Guinn filed her complaint in the Madison Superior Court. The dentists moved for summary judgment, arguing that the two-year statute of limitations barred the action.[2] The trial court entered judgment for the dentists.

The Court of Appeals reversed and remanded. *Guinn v. Light* (1988), Ind.App., 531 N.E.2d 534, *reh'g. denied*, 536 N.E.2d 546 (1989). We grant transfer.

The dentists contend that they presented a prima facie argument for a statute of limitations defense. They assert that Guinn's action was not filed within two years of the occurrence of negligence as required by Ind.Code § 16–9.5–3–1.

The Medical Malpractice Act provides for establishing medical review panels "to review all proposed malpractice complaints against health care providers covered by this article" and tolls the applicable statute of limitations until 90 days after receipt of the panel's opinion. Ind.Code § 16–9.5–9–2 (West 1984). The Act also declares a limit on actions against providers:

> No action against a *health care provider* may be commenced in any court of this state before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this chapter and an opinion is rendered by the panel.

Ind.Code § 16–9.5–9–2 (West 1984) (amended 1985, 1988) (emphasis added).

■ The Court of Appeals held that this section requires complaints against all providers be filed with the insurance commissioner, whether or not the providers are "qualified" health care providers under the Act. *Guinn*, 531 N.E.2d at 536. Respond-

ing to a petition for rehearing filed by the dentists, the court declared that a medical review panel had authority to determine its own jurisdiction. *Guinn*, 531 N.E.2d at 546. We agree that an administrative body generally possesses authority to determine initially whether a matter presented to it falls within the jurisdiction conveyed to that body. We conclude, however, that reliance on Ind.Code § 16–9.5–9–2 to resolve the issues presented in this appeal is erroneous.

The other section of the Medical Malpractice Act which touches on the subject at hand is Ind.Code § 16–9.5–1–1. It provides:

> A health care provider who fails to qualify under this article is not covered by the provisions of this article and is subject to liability under the law without regard to the provisions of this article. If a health care provider does not so quali[f]y, the patient's remedy will not be affected by the terms and provisions of this article.

Ind.Code § 16–9.5–1–5 (West 1984).

■ Which of these two sections governs the question at hand is a problem of statutory construction resolved by reference to familar rules. Two statutory provisions covering the same subject are to be harmonized if possible. *Wright v. Gettinger* (1981), Ind., 428 N.E.2d 1212; *Board of Medical Registration and Examination v. Turner* (1960), 241 Ind. 73, 168 N.E.2d 193. We also construe statutes to prevent absurdity or a result the legislature, as a reasonable body, could not have intended. *Chaffin v. Nicosia* (1974), 261 Ind. 698, 310 N.E.2d 867. In construing a statute, the court must consider the whole act and, if possible, effect must be given to every word and clause therein. *Doughty v. State Dept. of Public Welfare* (1954), 233 Ind. 213, 117 N.E.2d 651.

■ Reading Ind.Code § 16–9.5–9–2 as requiring all malpractice complaints against both qualified and non-qualified health care providers be sent to a medical review panel renders Ind.Code § 16–9.5–1–5 superfluous. By enacting this latter section, the legislature declared that a patient's remedy against a health

---

**2.** Ind.Code § 16–9.5–3–1 (West 1984) (amended    1985).

824

care provider who has not qualified is "not affected" by the Medical Malpractice Act. Requiring a patient with a claim against a non-qualified provider to go before a panel runs contrary to that declaration. We think Ind.Code § 16–9.5–1–5 permits a patient with a complaint against a non-qualified provider to file a complaint in court without any reference to the Act. The Act itself declares that such a provider "is subject to liability under the law without regard to this article." Ind.Code § 16–9.5–1–6. We hold that a patient may file a complaint for malpractice against a non-qualified health care provider in an appropriate court of competent jurisdiction without filing that complaint with the commissioner of insurance or presenting it to a medical review panel.

Some patients and their attorneys, of course, tender a complaint to the commissioner when they are uncertain whether a provider has qualified under the Act. We view this as prudent in light of the potential for misinformation conveyed over the telephone or through other informal means. Filing a proposed complaint with the commissioner of insurance tolls the statute of limitations until the commissioner or his agent informs the parties that the provider has not qualified under the Act. The commissioner is the appropriate public officer to make such a determination.[3] If the commissioner determines that the provider has not qualified and so notifies the parties, the statute of limitations begins running again and the claimant must file an action in court or risk being barred by the statute of limitations.

This last series of events describes what occurred in this case, but it is apparent that neither side in this litigation was confident that a declaration by the commissioner was sufficient to permit resort to the courts. Both counsel knew that the dentists were not qualified under the Act, yet both participated in selecting a medical review panel. Counsel for the dentists issued interrogatories. The legal question was certainly unsettled. The trial court held that the statute of limitations ran once the

commissioner declared the dentists non-qualified. The Court of Appeals reached the opposite conclusion. We are vacating their determination.

Though our resolution of the issues presented is through resort to statutory construction, our decision clarifying procedure has the characteristics of rulemaking, and we believe that it should be prospective. "Absent strong and compelling reasons, prospective application of laws, rules and regulations is the normal construction to be given." *Mann v. State Dept. of Highways* (1989), Ind., 541 N.E.2d 929, 936. We will not hold Guinn accountable for failing to follow procedure where the proper procedure was unsettled.

We vacate the opinions of the Court of Appeals, reverse the trial court and direct it to reinstate Guinn's action.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.

---

**3.** Providers seeking to qualify must supply the commissioner with proof of financial responsibility. The provider must also pay the commis-

sioner the surcharge which finances the patient compensation fund. Ind.Code §§ 16–9.5–2–1, 4–1 (West 1984).