Gerald C. MILLER, As Personal Representative of the Estate of Stephen T. Miller, Plaintiff–Appellant,

v.

TERRE HAUTE REGIONAL HOSPITAL, Defendant–Appellee.

No. 11S05–9212–CV–936.

Supreme Court of Indiana.

Dec. 1, 1992.

Roger L. Pardieck, Marcia L. Templeton, Gloria K. Grinnan, Pardieck, Gill & Vargo, Indianapolis, for plaintiff-appellant.

John D. Nell, Martha W. Fields, Wooden, McLaughlin & Sterner, Indianapolis, for defendant-appellee.

DICKSON, Justice.

In *Guinn v. Light* (1990), Ind., 558 N.E.2d 821, this Court announced a new procedure regarding the effect of filing a proposed complaint with the Department of Insurance upon the medical malpractice statute of limitations. Declaring the procedure to be prospective, we exempted the plaintiff Guinn and found his filing to have been timely. *Id.* The present plaintiff-appellant, Gerald C. Miller, presents circumstances analogous to those of Guinn and seeks like remedy. Applying *Guinn,* the Court of Appeals refused his request and affirmed summary judgment for the defendant. *Miller v. Terre Haute Regional Hospital* (1992), Ind.App., 596 N.E.2d 913. We grant transfer.

On November 21, 1986, Stephen Miller died at Terre Haute Regional Hospital (Hospital), where he had been taken for treatment of a gunshot wound. On November 18, 1988, pursuant to the Medical Malpractice Act (Act), Gerald Miller, Stephen's father, filed a proposed complaint against the Hospital with the Commissioner of the Indiana Department of Insurance (Department), alleging the Hospital's negligence caused Stephen's death. On November 28, 1988, the Department sent the Hospital a copy of the proposed complaint, as well as a letter disclosing that a search of the Department Records indicated that the Hospital was not a qualified health care provider under the Act. Miller received a copy of this letter on November 29, 1992.

On December 20, 1988, over two years after Stephen's death, Miller filed a complaint in the Vigo Circuit Court against the Hospital. The Hospital moved for judgment on the pleadings pursuant to T.R. 12(C), arguing that Miller had failed to comply with the condition precedent of the wrongful death statute (IC 34–1–1–2) by filing his complaint more than two years after Stephen's death. Because the parties submitted additional affidavits and letters for the trial court's consideration, the trial court treated the Hospital's motion for judgment on the pleadings as a T.R. 56(C) motion for summary judgment and entered judgment in favor of the Hospital. Miller appeals the grant of summary judgment, raising multiple issues, one of which we find dispositive.

Our decision in *Guinn, supra,* governs this issue. The plaintiff in *Guinn* alleged that on August 10, 1982, her dentists were negligent. She filed a proposed complaint with the Indiana Department of Insurance on July 16, 1984. On April 15, 1985, the chairman of the medical review panel appointed to assess the plaintiff's case determined that as neither dentist was a qualified health care provider as required under the Act, the proceeding did not come under the Act's jurisdiction. The plaintiff subsequently filed her complaint in court on May 29, 1985. The defendant dentists successfully moved for summary judg-

ment, arguing that the two-year medical malpractice statute of limitations barred her action.[1]

This Court held that the filing of a proposed complaint against a health care provider with the Department tolls the statute of limitations until the parties are informed that the provider has not qualified under the Act. *Id.* at 824. Upon such notice, the statute of limitations begins to run again, and the claimant must file an action in court or risk being time-barred. *Id.* Noting that our decision had the characteristics of rule-making which called for a prospective application of this clarifying decision, we expressly exempted Guinn: "We will not hold Guinn accountable for failing to follow procedure where the proper procedure was unsettled." *Id.*

In the present case, the Court of Appeals rigidly followed *Guinn's* prospective application language. The court decided that the two-year statute of limitations was tolled by Miller's filing of the proposed complaint with the Department until the notification that the Hospital was not a qualified health care provider. *Miller,* 596 N.E.2d at 918. The court further determined that, as Miller did not file his complaint within the three days remaining in the statutory period, his filing with the court on December 20, 1988, was untimely. *Id.* While this calculation is correct for factual situations arising after *Guinn,* plaintiff Miller filed his complaints with the Department and the Vigo Circuit Court in 1988, before we decided *Guinn.* Miller's appeal was decided by the Court of Appeals in 1992. Thus, like Guinn, Miller was unaware of the proper procedure to follow after a determination that a health care provider is not qualified under the Act. Application of the new rule announced in *Guinn* to a plaintiff in Miller's position would be patently unfair.

The Hospital contends that because it is not a qualified health care provider as defined by the Act, the provisions of the Act do not apply to Miller's action. However, a plaintiff need not be clear as to whether a defendant is covered by the Act to initiate proceedings with the Department of Insurance. As we stated in *Guinn:*

> Some patients and their attorneys, of course, tender a complaint to the commissioner when they are uncertain whether a provider has qualified under the Act. We view this as prudent in light of the potential for misinformation conveyed over the telephone or through other informal means.

*Guinn,* 558 N.E.2d at 824. Thus, any plaintiff, regardless of the qualified status of the defendant health care provider, will get the benefit of the tolling of the statute of limitations while the Department determines the qualified status. Here, it was prudent for Miller to commence his action by filing his proposed complaint with the Department. We will not punish those plaintiffs who commence their actions by filing with the Department without definite knowledge of the qualified status of the defendant health care provider.

The Hospital also argues that *Guinn* is to be applied only to common law negligence claims, not to statutorily created wrongful death actions. Citing *General Motors Corp. v. Arnett* (1981), Ind.App., 418 N.E.2d 546, 548, for the proposition that the two-year requirement found in the wrongful death statute[2] is a condition precedent to bringing a suit rather than a statute of limitations, the Hospital contends that Miller's action is barred because he failed to meet the condition precedent.

We disagree. As our Court of Appeals aptly stated: "[W]e find no reason for distinguishing between a case where, as here,

1. IC 16–9.5–3–1, Time for filing claim, states in part: (a) "No claim, whether in contract or tort, may be brought against a health care provider based upon professional services or health care rendered or that should have been rendered unless filed within two (2) years from the date of the alleged act, omission, or neglect, except that a minor under the full age of six (6) years

shall have until his eighth birthday in which to file."

2. 34–1–1–2, Action for wrongful death, states in part: "When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent with two (2) years...."

the alleged victim dies and a case where the alleged victim is merely injured." *Miller*, 596 N.E.2d at 918. Furthermore, the language of the Medical Malpractice Act includes an action for "injury or death:"

> Subject to IC 16–9.5–9 [Medical Review Panel], a patient or his representative having a claim under this article for bodily injury *or death* on account of malpractice may file a complaint in any court of law having requisite jurisdiction and demand right of trial by jury.

IC 16–9.5–1–6 (emphasis supplied). Thus, an action for death resulting from a health care provider is not exclusively within the ambit of the wrongful death statute. Such an action is properly brought under the Medical Malpractice Act.

As the resolution of the statute of limitations issue in light of *Guinn* is dispositive, we decline to address the plaintiff's other issues. The Court of Appeals decision is vacated. The summary judgment is reversed. This cause is remanded to the trial court for further proceedings.

SHEPARD, C.J., and DeBRULER, GIVAN, and KRAHULIK, JJ., concur.