Wayne **FARRINGTON** and Alice Farrington, Appellants–Plaintiffs,

v.

Gaylen **ALLSOP**, Appellee–Defendant.

No. 71A04–9604–CV–129.

Court of Appeals of Indiana.

Sept. 11, 1996.

Debra Voltz–Miller and Fred R. Hains, South Bend, for Appellants.

William T. Webb and James F. Groves, South Bend, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiffs-Appellants Wayne and Alice Farrington (the Farringtons) appeal the trial court's grant of summary judgment in favor of Defendant–Appellee Galen Allsop.

We reverse and remand.

### ISSUES

The Farringtons raise two issues, which we consolidate and restate as:

Whether a continuing oral promise to repay a debt, made by an attorney who is a cousin of a creditor and who has performed legal services for the creditor, constitutes constructive fraud which estops the debtor from asserting the statute of limitations as a defense to an action on a written promissory note.

### FACTS

Appellee Galen Allsop is an attorney practicing in South Bend, Indiana, and he is appellant Alice Farrington's first cousin. Allsop occasionally provided legal services for the Farringtons, though he rarely charged a fee. He had no contact with the Farringtons as clients after September 1, 1992.

In 1982, Allsop incorporated JAMA, Inc. He was sole shareholder, director, and officer of the corporation, which was formed to purchase and develop real estate in Florida. In 1984, Allsop, through JAMA, negotiated an agreement to buy some land in St. Petersburg, Florida, on which he planned to develop a hotel and marina.

On April 26, 1985, Allsop asked the Farringtons to loan him $30,000.00 because he needed to put personal money into a project of his in Florida. He told the Farringtons he would repay the loan in a few weeks. The Farringtons wrote a check to Allsop, which Allsop deposited in the JAMA account. In March of 1986, JAMA filed for Chapter 11 bankruptcy reorganization in the Northern District of Indiana. A month later, two creditors of JAMA filed a motion to transfer the proceedings to Florida. The Farringtons were notified of the motion as a creditor of JAMA, and formally opposed it. The bankruptcy action was dismissed on June 8, 1989 because JAMA failed to file its Disclosure Statement and Plan.

During a period of about three years after the loan was made, the Farringtons repeatedly asked Allsop to repay it, but Allsop gave various personal or business-related reasons for being unable to do so. He promised to pay as soon as he could. In 1988, the Farringtons visited Allsop at his law office to seek repayment. At that time, Allsop presented the Farringtons with a promissory note evidencing the original loan. It was dated April 26, 1985, and indicated the loan was due and payable July 26, 1985 at an interest rate of 12%. The note obligated JAMA, rather than Allsop. At the 1988 meeting, Allsop told the Farringtons that even though JAMA had filed for bankruptcy, they need not worry because Allsop felt morally obligated to repay the loan. The loan has never been repaid.

The Farringtons sought legal counsel and brought this action on September 19, 1994, after Allsop sent a letter to the Farringtons' daughter asking that he be allowed to withdraw as her attorney in a pending small claims action. The trial court found that, assuming this was an action on a written promissory note[1], the six year statute of limitations expired on July 26, 1991. Ind. Code 34–1–2–2(5) (1993). The trial court also determined that Allsop was not estopped from asserting the statute of limitations defense by virtue of his promises to repay the loan, because Allsop's promises were not statements of fact and thus could not be fraudulent.

### STANDARD OF REVIEW

In reviewing the grant of a summary judgment motion, we apply the same standard applicable in the trial court. Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We do not weigh the evidence, but will consider the facts in the light most favorable to the non-moving party. *Grose v. Bow Lanes, Inc.,* 661 N.E.2d 1220, 1224 (Ind.Ct.App.1996). We must reverse the grant of a summary judgment motion if the record discloses an incorrect application of the law to those facts. *Ayres v. Indian Heights Volunteer Fire Dept., Inc.,* 493 N.E.2d 1229, 1234 (Ind.1986). On appeal from a grant of summary judgment, the burden is on the appellant to prove the trial court erred in determining there

---

1. The trial court also considered the possibility that the Farringtons' complaint was alleging attorney malpractice. The Farringtons do not argue attorney malpractice on appeal.

were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Welch v. Scripto–Tokai Corp.*, 651 N.E.2d 810, 813 (Ind.Ct. App.1995), *reh'g denied.*

## DISCUSSION

 The Farringtons contend that Allsop, by his continuing oral representations that he would repay the loan, fraudulently induced them to defer commencement of an action to recover their debt until after the statute of limitations had run.[2] Thus, they argue, he is now equitably estopped from asserting the statute of limitations as a defense.

 Allsop correctly notes that actionable fraud normally arises from false representations of past or existing facts, and cannot be based on broken promises or statements of existing intent which are not executed. *Kopis v. Savage*, 498 N.E.2d 1266, 1272 (Ind.Ct.App.1986). However, a broken promise can, in some situations, give rise to a constructive fraud upon which an equitable estoppel can be based:

The basis for the doctrine of equitable estoppel is fraud, either actual or constructive, on the part of the person estopped. Constructive fraud is fraud that arises by operation of law from conduct which, if sanctioned by the law, would secure an unconscionable advantage. Thus, in order to prevail on a theory of constructive fraud, one need not establish the existence of an actual intent to defraud. The result of the conduct triggers the application of the theory.

The mere nonperformance of an oral promise which falls within the Statute [of Frauds] does not constitute such a fraud as would warrant the intervention of a court of equity. But, if one party is induced by another, on the faith of an oral promise, to place himself in a worse position than he

would have been in had no promise been made, and if the party making the promise derives a benefit as a result of the promise, a constructive fraud exists which is subject to the trial court's equity jurisdiction.

*Lawshe v. Glen Park Lumber Co.*, 176 Ind. App. 344, 347, 375 N.E.2d 275, 278 (1978) (citations omitted). In *Lawshe*, we found that a promise to make future payment satisfied the conduct requirement for the application of equitable estoppel in a situation where a material supplier refrained from filing a mechanic's lien on the faith of a homeowner's oral promise to pay for the materials. As a result of the forbearance, the material supplier placed itself in a worse position than it would have been in had there been no promise, and the homeowner derived a benefit from the forbearance at the supplier's expense. *Id.*

 The doctrine of equitable estoppel may preclude a defendant's statute of limitations defense:

It is difficult to conceive of a stronger case for the doctrine of equitable estoppel than that where a plaintiff has been induced by fraud on the part of a defendant to defer commencement of a suit. Fraud in the technical or classical sense, bad faith, or an intent to mislead or deceive is not, however, essential to the application of the doctrine.

*Marcum v. Richmond Auto Parts Co.*, 149 Ind.App. 120, 126, 270 N.E.2d 884, 887 (1971). In *Marcum*, a personal injury plaintiff was induced by the defendant's insurer not to consult an attorney or to take any other action to protect his legal rights until after the statute of limitations had run. The agents of the insurer promised the plaintiff they would make a fair cash settlement with him, and specifically requested that he not consult an attorney.

The trial court suggested that an equitable estoppel argument was not available to the Farringtons because the doctrine only

---

2. We note that Allsop's continuing oral promises to repay his debt made subsequent to the execution or delivery of the promissory note do not, without more, extend the statute of limitations. Ind.Code 34–1–2–10 (1993) states:

No acknowledgment (sic) or promise shall be evidence of a new or continuing contract,

whereby to take the case out of the operation of [the statute of limitations], unless the same be contained in some writing signed by the party to be charged thereby.

The Farringtons designated no evidence of any written reaffirmation of Allsop's debt.

applies in the context of settlement negotiations, citing *Hollins v. Yellow Freight System*, 590 F.Supp. 1023 (N.D.Ill.1984). However, our decisions and those of our supreme court have not so limited the applicability of the doctrine. *See, e.g., Cacdac v. Hiland*, 561 N.E.2d 758 (Ind.1990) (equitable estoppel may bar limitations defense in medical malpractice action); *Madison County Bank & Trust Co. v. Kreegar*, 514 N.E.2d 279 (Ind.1987), *reh'g denied* (attorney malpractice negligence action); *Marcum*, 149 Ind. App. 120, 270 N.E.2d 884 (1971) (negligence action for personal injury).

The trial court also decided that the Farringtons could not rely on Allsop's oral promises to create a new obligation requiring him to personally pay the note or to extend its original due date, citing *Skelton v. Banks' Estate*, 116 Ind.App. 280, 63 N.E.2d 546 (1945). However, the Farringtons do not appear to be arguing that Allsop's oral promises changed or extended the limitations period by creating a new obligation or changing the due date of the note. Instead, they are arguing that Allsop's representations estop him from asserting the statute of limitations as a defense, a position which does not suggest a changed or extended limitations period, but rather assumes the statutory period may have run.

 While the doctrine of equitable estoppel is not restricted to circumstances involving an actual false representation or concealment of an existing material fact, its application is limited. *Paramo v. Edwards*, 563 N.E.2d 595, 598–599 (Ind.1990). Before the doctrine may be used to bar a statute of limitations defense there must be fraud of a nature that prevents inquiry, eludes investigation, or misleads the party who claims the cause of action. *Id.* at 599. The conduct must be "of a caliber calculated to lead the other party to inaction." *Id.* So, where the parties stand on an equal footing, and are not in a fiduciary relationship, the law will not protect a party who fails to exercise common sense and judgment. *Id.* Thus, in *Paramo*, we distinguished cases involving representations made by insurers to the opposing party's attorney (no estoppel found) with cases involving representations made by insurers directly to the plaintiff (estoppel found).

Here, the trial court made no finding as to whether Allsop and the Farringtons had a fiduciary relationship, were otherwise on an unequal footing in the transaction, or whether Allsop's conduct was "of a caliber calculated to lead [the Farringtons] to inaction." While the record indicates the Farringtons were both intelligent people who were engaged in various business enterprises and were aware that they could seek legal counsel, it is also apparent that they did not deal with Allsop at arm's length. Allsop is Mrs. Farrington's cousin, and he had performed legal services for both Farringtons. He helped Mr. Farrington incorporate a small business, and was a shareholder in the business for a time. He represented Mr. Farrington in a personal injury matter, and represented Mrs. Farrington in some landlord-tenant problems arising from some rental properties Mrs. Farrington owned with her daughter. He last performed legal services for the Farringtons in 1992, but performed some legal services for the Farringtons' daughter until July of 1994.

By restricting the definition of fraud in the equitable estoppel context to statements of existing fact, and by limiting the application of equitable estoppel to settlement negotiations, the trial court incorrectly applied the law to the facts before it. An application of the correct legal standard reveals that there are genuine issues of material fact regarding the nature of the relationship between Allsop and the Farringtons, the resolution of which may determine whether Allsop may rely upon the statute of limitations as a defense.

## CONCLUSION

 Because we find that equitable estoppel arising from a broken promise to repay a debt may bar a defendant's use of the statute of limitations defense where the parties are in a fiduciary relationship or are otherwise not on an equal footing, there is a genuine issue of material fact regarding the nature of the relationship between Allsop and the Farringtons, and that issue precludes summary judgment.

Reversed and remanded for further proceedings consistent with this opinion.

CHEZEM and DARDEN, JJ., concur.