Virginia SHENEFIELD and Jerry
Shenefield, Appellants–
Plaintiffs,

v.

Ronald BARRETTE, D.O.,
Appellee–Defendant.

No. 85A04–9812–CV–579.

Court of Appeals of Indiana.

Aug. 11, 1999.

Richard L. Russell, Rebecca R. McCain, Russell, McIntyre, Hilligoss & Welke, Kokomo, Indiana, Attorneys for Appellants.

Edward L. Murphy, Jr., Tina M. Yordy, Miller Carson Boxberger & Murphy, LLP, Fort Wayne, Indiana, Attorneys for Appellee.

**OPINION**

MATTINGLY, Judge

Virginia and Jerry Shenefield appeal a summary judgment in favor of Ronald Barrette, D.O. They raise two issues, which we restate as:

(1) whether a statement by a doctor's employee that the doctor has malpractice insurance constitutes constructive fraud sufficient to toll the statute of limitations when the doctor is covered by malpractice insurance but is not a qualified health care provider under the Medical Malpractice Act because a certificate of insurance had not been filed with the Indiana Department of Insurance (the Department); and

(2) whether the system whereby the Department provides notification of a provider's status under the Medical Malpractice Act is inadequate because it does not require notice by registered or certified mail.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

The facts most favorable to the Shenefields, the non-moving parties, are that Virginia Shenefield was treated by Dr. Barrette between June 17, 1996 and June 21, 1996. On June 16, 1998, her counsel filed a proposed complaint with the Department alleging that Dr. Barrette's treatment fell below acceptable standards of care. In a letter dated June 23, 1998, the Department notified Dr. Barrette and the Shenefields' counsel that Dr. Barrette had failed to file "proof of financial responsibility and payment of the required surcharge at the time of the alleged malpractice," R. at 29, and so was not a qualified health care provider under the Medical Malpractice Act.[1]

---

1. To qualify for coverage under the Medical Malpractice Act, a health care provider or its insurance carrier must file with the Department proof of financial responsibility as established by proof of insurance, a surety bond, or, in the case of a hospital, a verified financial statement indicating it can satisfy potential malpractice claims. *See* Ind.Code §§ 27–12–3–2(1) and 27–12–4–1. The provider must also pay a surcharge which is assessed on

The letter from the Department was received at the office of the Shenefields' counsel on June 25, 1998 but was not reviewed by counsel until June 29, 1998 because he had been on a law firm retreat. After reviewing the letter, counsel called Dr. Barrette's office and asked the employee who answered the telephone about the status of Dr. Barrette's insurance coverage. Counsel was told Dr. Barrette was, and always had been, covered by medical malpractice insurance. Counsel told the employee he was planning to file a medical malpractice suit in the Wabash Circuit Court unless he received proof that Dr. Barrette had malpractice insurance, and the employee told counsel she would send documentation. When the documentation had not arrived by July 13, 1998, counsel for the Shenefields filed this action.

Dr. Barrette filed a motion to dismiss on grounds the limitations period had expired.[2] The trial court considered the motion to dismiss as one for summary judgment because materials outside the pleadings had been submitted. It found the Shenefields' complaint was barred by the statute of limitations.

## DISCUSSION AND DECISION

### Standard of Review

When reviewing the grant of a summary judgment motion, we apply the same standard applicable in the trial court. Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We do not weigh the evidence, but will consider the facts in the light most favorable to the non-moving party. *Grose*

v. Bow Lanes, Inc., 661 N.E.2d 1220, 1224 (Ind.Ct.App.1996). We must reverse the grant of a summary judgment motion if the record discloses an incorrect application of the law to those facts. *Ayres v. Indian Heights Volunteer Fire Dep't, Inc.*, 493 N.E.2d 1229, 1234 (Ind.1986).

On appeal from a grant of summary judgment, the burden is on the appellant to prove the trial court erred in determining there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Welch v. Scripto–Tokai Corp.*, 651 N.E.2d 810, 813 (Ind.Ct.App.1995). A fact is "material" for summary judgment purposes if it helps to prove or disprove an essential element of the plaintiff's cause of action. *Weida v. Dowden*, 664 N.E.2d 742, 747 (Ind.Ct.App.1996). A factual issue is "genuine" if the trier of fact is required to resolve an opposing party's different version of the underlying facts. *Id.*

### Constructive Fraud

■ The trial court noted that had the Shenefields not filed their complaint with the Department, the two-year limitations period on their claim would have expired on June 22, 1998. However, the filing of a complaint with the Department tolls the statute of limitations until the Department informs the parties that a provider is not qualified under the Act. *Miller v. Terre Haute Reg'l Hosp.*, 603 N.E.2d 861, 863 (Ind.1992). Upon such notice, the statute begins to run again, and the claimant must file an action in court or risk being time-barred. *Id.* As a result, the Shenefields had some five days from the date the

providers to provide money for the patient's compensation fund. If a provider fails to qualify, the patient may bring an action against the provider without first filing a complaint with the Department or presenting the claim to a medical review panel.

Dr. Barrette apparently did, in fact, have malpractice insurance. However, the certificate demonstrating financial responsibility had not been filed with the Department.

The Medical Malpractice Act was recodified effective July 1, 1998 at Ind.Code art. 34–18.

2. The Act provides that a claim, "whether in contract or tort, may not be brought against a health care provider based upon professional services ... unless the claim is filed within two (2) years of the alleged act, omission, or neglect[.]" Ind.Code § 27–12–7–1 (now codified at Ind.Code § 34–18–7–1).

Department's letter was received, or until about June 30, 1998, to file an action in the appropriate court. They did not file their complaint in the Wabash Circuit Court until July 13, 1998, and the trial court found the complaint was time-barred.

The Shenefields argue Dr. Barrette is estopped from asserting the statute of limitations as a defense because the statements of the doctor's employee constituted a constructive fraud on the Shenefields. We held in *Farrington v. Allsop*, 670 N.E.2d 106 (Ind.Ct.App.1996), that constructive fraud might give rise to an equitable estoppel which would preclude a statute of limitations defense. There, we reversed a summary judgment for the defendant based on the running of the statute of limitations where the defendant's continued promises to repay a loan might have caused the plaintiffs to defer filing a lawsuit until after the statute had run. We found that the application of the doctrine of equitable estoppel was not limited to situations involving actual fraud, but that it could also be triggered by constructive fraud—that is, "fraud that arises by operation of law from conduct which, if sanctioned by the law, would secure an unconscionable advantage." *Id.* at 109, *quoting Lawshe v. Glen Park Lumber Co.*, 176 Ind.App. 344, 347, 375 N.E.2d 275, 278 (1978).

The representations by Dr. Barrette's employee could not have constituted a constructive fraud which had the effect of estopping the doctor from asserting a statute of limitations defense because the representations were not false and were not of such a caliber as to lead the Shenefields to inaction. The Shenefields correctly note that intent to defraud need not be proven in order to give rise to an estoppel based on constructive fraud, *Paramo v. Edwards*, 563 N.E.2d 595, 598 (Ind. 1990), and they argue that "[r]egardless of intent, the defendant's office manager made an oral promise ... that the defendant doctor did, in fact, have insurance coverage. The Plaintiffs therefore, did not immediately file their lawsuit...." Brief of Appellants at 7.

The equitable estoppel doctrine as defined by our decision in *Farrington* is unavailable to the Shenefields in this situation. Before the doctrine will bar a statute of limitations defense, there must be fraud of a nature that prevents inquiry, eludes investigation, or misleads the party who claims the cause of action. 670 N.E.2d at 110. The conduct must be "of a caliber calculated to lead the other party to inaction." *Id., quoting Paramo*, 563 N.E.2d at 599.

We further limited the application of the doctrine by noting that if the parties are not in a fiduciary relationship and are on an equal footing, "the law will not protect a party who fails to exercise common sense and judgment." *Id.* Thus, in *Farrington*, we distinguished cases where representations by insurers were made directly to plaintiffs (estoppel found) and cases where representations were made to the plaintiff's attorney (no estoppel found). *Id., citing Paramo. Paramo* noted an exception to the latter situation might be where there was an expressed promise not to assert the statute of limitations. 563 N.E.2d at 599.

The Shenefields assert that the office manager's apparently true statement was constructively fraudulent because her statement reflected a course of conduct which allowed the doctor to have an unconscionable advantage over the Shenefields. *See Farrington*, 670 N.E.2d at 109. We note initially that whether a health care provider is "qualified" under the Act is not determined solely by whether the provider has insurance—rather, it depends upon whether the proof of insurance or other proof of financial responsibility has been filed and the surcharge paid. Thus, the delay in bringing the suit resulted not from the representation by the doctor's employee or from the doctor's failure to obtain insurance, but from the Shenefields'

failure to distinguish between being insured and being "qualified" under the Act.

Finally, Dr. Barrette argues his employee's statement could not have led the Shenefields to inaction because the employee was not in a position to determine whether Dr. Barrette was a "qualified" provider; the Department is the legal entity charged with making that determination. We find that because the employee's statement was true, was made to the Shenefields' attorney and not directly to the Shenefields, and should not have led the Shenefields to "inaction" as manifested by a delay in filing their suit, there could be no constructive fraud to give rise to an estoppel to assert the statute of limitations.

### Adequacy of Department Notice Procedure

The Shenefields argue that the method utilized by the Department to notify them of Dr. Barrette's status as a non-qualified provider—ordinary first class mail—is inadequate, because "[t]here was absolutely nothing to bring to the recipient's attention that something of great importance was contained therein." Brief of Appellants at 10. They do not suggest that this method violated any statutory or regulatory requirements. Rather, they argue that notice should be provided by certified or registered mail.

We note that the Act does not require a complainant to file a proposed complaint with the Department in order to determine whether a provider is "qualified"; thus, it is silent, as are the pertinent Indiana decisions, as to the procedure the Department is to follow in responding to such an inquiry. Because neither the wording of the Act[3] nor its construction in *Miller* and *Guinn v. Light*, 558 N.E.2d 821, 824 (Ind. 1990) requires proof, or even evidence, of the time of mailing by the Department or delivery to the claimant, there remains a question of interpretation which we are obliged to address here. In *Miller*, our supreme court, without indicating how the date of notice was to be determined, decided that the filing of a proposed complaint with the Department "tolls the statute of limitations *until the parties are informed* that the provider has not qualified.... Upon such notice, the statute of limitations begins to run again[.]" 603 N.E.2d at 863 (emphasis supplied). So, where the filing of the proposed complaint with the Department takes place at or near the end of the limitations period, we can envision situations where the determination when the parties are "informed" that the provider has not qualified under the Act, or when a party has "notice," could result in a claim improperly being time-barred.

█ "Informed" means "*having* information"; an "informed" decision is "based on *possession* of information." *Webster's Third New International Dictionary* 1160 (1976) (emphasis supplied). We thus believe that in situations where the Department chooses to respond to a query about a provider's status by ordinary first class mail, the interpretation of *Guinn* and *Miller* which will assure that all parties are protected by the tolling provision is that which defines the date a party is "notified" or "informed" as the date the Department's documentation is delivered to the party or the party's attorney's office. Any

---

3. The Act requires that most other communications of this nature be provided by registered or certified mail. *E.g.,* Ind.Code § 27-12-7-3(b) (now Ind.Code § 34-18-7-3(b)) (proposed medical malpractice complaint is considered filed when a copy is delivered or mailed by registered or certified mail to the commissioner); *id.* § 27-12-9-1 (now § 34-18-9-1) (commissioner must forward copy of proposed complaint to defendant health care providers by registered or certified mail); *id.* § 27-12-10-2 (now § 34-18-10-2) (request for formation of medical review panel to be served upon all parties and the commissioner by registered or certified mail); *id.* § 27-12-10-11 (now § 34-18-10-11) (notification of selection of medical review panel to be provided to parties and commissioner by registered or certified mail); and *id.* § 27-12-10-26 (now § 34-18-10-26) (panel's report to be submitted to parties and commissioner by registered or certified mail).

other interpretation could render illusory the statutory protections provided by the limitations period.

In the present case, the Shenefields' counsel received and had the opportunity to review the Department's letter before the statute of limitations had run, regardless of the fact it was delivered by first class mail. Further, the Shenefields could have avoided a limitations problem by filing their complaint with both the Department and the court.[4]

We decline the Shenefields' invitation to engraft an additional provision onto the Medical Malpractice Act requiring that notice be provided by registered or certified mail. Such a rewriting of the Act is more appropriately accomplished by the legislature.

Affirmed.

SULLIVAN and RILEY, JJ., concur.

---

4. Our supreme court discussed a litigant's options for avoiding limitations problems in *Guinn:*

> We hold that a patient may file a complaint for malpractice against a non-qualified health care provider in an appropriate court of competent jurisdiction without filing that complaint with the commissioner of insurance or presenting it to a medical review panel.
>
> Some patients and their attorneys, of course, tender a complaint to the commissioner when they are uncertain whether a provider has qualified under the Act. We view this as prudent in light of the potential for misinformation conveyed over the telephone or through other informal means. Filing a proposed complaint with the commissioner of insurance tolls the statute of limitations until the commissioner or his agent informs the parties that the provider has not qualified under the Act. The commissioner is the appropriate public officer to make such a determination.

558 N.E.2d at 824. We decline to require, or even endorse, the "double filing" *Guinn* appears to permit due to the potential strategic disadvantages it entails and the duplication of effort and additional expense inherent in the double filing procedure.